Jones, J.
 

 The deed of George Kern to his son, William H. Kern, contained a recital that the grant was made “for the consideration of nine thousand dollars ($9,000.00), received to my full satisfaction of William H. Kern, the grantee,” etc.
 

 The son having died intestate and without issue, his widow brought this suit claiming title in fee as the relict of the intestate by virtue of Section 8574, General Code. If the property came to her husband by deed of purchase, Lottie Kern’s title in fee must be sustained; if it came by deed of gift, she has merely a life estate, under the provisions of Section 8573, General Code. The plaintiffs in error are remaindermen, who claim that the aforesaid deed was, in fact, a deed of gift, and that the fee is vested in them, subject to the life estate of the widow.
 

 It is useless to pursue the distinguishing characteristics of an ancestor’s deed, whether it be one of gift or purchase, for it has been repeatedly decided by this court that, for the purpose of descent and distribution, when such deed contains recital of a valuable consideration received from the grantee, it is to be construed as a deed of purchase.
 
 Patterson
 
 v.
 
 Lamson,
 
 45 Ohio St., 77, 12 N. E., 531;
 
 *580
 

 Groves
 
 v. Groves, 65 Ohio St., 442, 62 N. E., 1044;
 
 Thiessen
 
 v.
 
 Moore,
 
 105 Ohio St., 401, 137 N. E., 906.
 

 These eases are authority also for the well-known rule that the character of the consideration as expressed in the deed may not be challenged by parol evidence so as to change the line of descent. While for some purposes the consideration named in a deed may be open to explanation by parol proof, this class of evidence is incompetent, where the effect of such proof is to vary the operative words of the deed, or, as in this case, change the line of descent. Plaintiffs in error recognize this well-established rule, but seek to avoid it in the present case by insisting that they are not attempting to change the character of the consideration by parol proof, but by documentary evidence executed by the original ancestor contemporaneously with the deed, showing a single transaction evidencing an intention upon the part of G-eorge Kern to make a deed of gift to his son, William H. Kern.
 

 After Lottie Kern had introduced the deed to her husband, reciting a valuable consideration, she rested her case. Under the authorities above cited, at that stage of the proceeding her husband, William H. Kern, had title to the property by deed of purchase. By their cross-petition in the trial court plaintiffs in error alleged that this deed was a gift from George Kern to his son, and was so intended; that the consideration therein named did not express the intention of the parties, and was placed in the deed by mutual mistake. They therefore asked that the deed should be reformed
 
 *581
 
 to conform to the true intent of the parties, and that it should he held to have been made for the consideration of love and affection, and none other. It was in support of this allegation in the cross-petition that evidence of the aforesaid contemporaneous documents was offered at the trial. The most that can be said of this evidence is that on January 10, 1889, by these two deeds and will, George Kern, who was then about 67 years of age, contemplated the distribution of his property among his wife, two children, and the six grandchildren. The tract in question he deeded to his son, William, by deed reciting a valuable consideration. Another tract he deeded to his daughter, which deed also recited a valuable consideration. On the same day he executed his will, giving to his wife another tract, and also giving a brick building to his six grandchildren. This will contained a provision as follows:
 

 “Whereas I have at this date conveyed to my son William H. Kern and to my daughter Mrs. Hattie Alice Gardner each a tract of land as their full and fair share of my property and estate I do not therefore make to them or either of them any devise or bequest whatever.”
 

 The deed having express operative words, impressing the title as coming to the grantee by way of purchase, clear and convincing evidence is required to convert it into a deed of gift. Or, to apply the rule of evidence to the instant case, the proof should clearly and convincingly show that the actual recital of valuable consideration in the deed was placed therein by a mistake of the grantor.
 
 *582
 

 Miller
 
 v.
 
 Stokely,
 
 5 Ohio St., 194;
 
 Potter
 
 v.
 
 Potter, Ex’x.,
 
 27 Ohio St., 84;
 
 Stewart
 
 v.
 
 Gordon,
 
 60 Ohio St., 170, 53 N. E., 797. In the
 
 Potter case, supra,
 
 Judge Day, speaking for the court, said:
 

 “When the reformation of a written instrument is sought on the ground of mistake, the presumption is so strongly in favor of the instrument, that the alleged mistake must be clearly made out by proofs entirely satisfactory, and nothing short of a clear and convincing state of fact, showing the mistake, will warrant the court to interfere with and reform the instrument.”
 

 All that these contemporaneous documents disclose is that George Kern, on January 10, 1889, was engaged in making a distribution of his property by the employment of the two deeds and will in question. But they do not tend to prove mistake on the part of George Kern in his insertion of valuable consideration in his deed to his son, William, or any mistake in his purpose of giving to the latter an estate by purchase. The case of
 
 Patterson
 
 v.
 
 Lamson, supra,
 
 had been decided by this court nearly two years before these contemporaneous documents were made. Since George Kern, in the execution of his deed to his son, William, employed the use of terms expressing a valuable consideration, it may reasonably be presumed that those who were engaged in its execution knew of the decision of this court heretofore alluded to, casting upon the grantee a title by purchase, and that the grantor used such recital to accomplish that purpose. In
 
 Patterson
 
 v.
 
 Lamson, supra,
 
 it was also argued that the parties to that deed
 
 *583
 
 did not intend “to determine the course of descent the property should follow; that they were not negotiating with a view to any such contingency;” that the fact that a valuable consideration would determine the line of descent never entered the heads of the parties to the transfer. In response to this argument the learned judge said, on page 88:
 

 “In this we are left entirely to conjecture. How may we know that this form of transfer of the title to Lillian was not deliberately adopted by the alleged ancestor, Lamson?”
 

 There is much more reason and plausibility for the adoption of this query in the instant case, for the reason stated, to wit, that this court had previously decided that the recital of a valuable consideration in a deed of this character stamped it as a deed of purchase. So far as we know, George Kern may have intended to use this method for the purpose of conveying title to his son, William, not as a gift, but by way of purchase. There is nothing in the evidence introduced disclosing any contrary intent. While it may disclose that no valuable consideration had been paid, that fact alone did not furnish convincing proof that George Kern intended to convey the tract for love and affection, or that he made a mistake in reciting a valuable consideration in his deed to his son William. Such was evidently the opinion of the Court of Appeals, for, while it admitted these documents, because of their contemporaneous character, it' concluded, as we do, that this evidence did not clearly prove a mistaken intention on the part of the grantor. The
 
 *584
 
 latter had the right to impart to his deed the descendible quality of the title he was conveying; and, when he employed therein the recital of a valuable consideration, it will be presumed that he used such a recital with the express intention of conveying title to his son through the medium of a deed of purchase. There is nothing in this record clearly evincing an intention on his part to do otherwise in view of the recital in his deed.
 

 Judgment affirmed.
 

 Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.
 

 Marshall, C. J., dissents.