### STUMP et v BOYD et

Ohio Appeals, 6th Dist, Wood Co
No. 449.   Decided December 9, 1929

Mr. Benjamin F. James, Bowling Green, for Stump et.

Messrs. Ora Wade and S. W. Bowman, Bowling Green, for Boyd et.

### WILLIAMS, J.

It is claimed, however, by counsel for plaintiffs, that a deed for 180 acres of land was executed and delivered the defendant, Henry D. Boyd by his father and was given as an advancement and with the understanding that it would be in full of the son's share in his father's estate. Evidence has been offered in this court tending to show the circumstances surrounding the transaction in which the deed was given and various conversations which throw more or less light upon the intention of the parties to the deed. It is claimed that this evidence is incompetent and that the recital of the consideration of one dollar and other valuable considerations contained in the deed is conclusive that the deed was not given as an advancement. We are of the opinion that such evidence is competent and where a deed is made under such circumstances that it constitutes an advancement, that fact may be shown by competent evidence. The principle laid down in the case of **Gardner vs. Kern, 115 Ohio St., 575**, to the effect that the recital of a valuable consideration in a deed from father to son conclusively establishes the title conveyed thereby as one of purchase, does not apply. The real consideration may always be shown to determine whether a deed was given as an advancement.

Considering the evidence of this nature along with the other evidence in the case, we are of the opinion that the evidence discloses that the conveyance was not an advancement but was a gift made by father to son in recognition of services and attention given by the son to the father. A decree will therefore be entered for partition of the property described in the petition aparting to the defendant, Henry D. Boyd, a one-fourth interest in the premises and to the other parties their respective parts and portions thereof.

Lloyd and Richards, JJ., concur.