## McCOLM et v OREBAUGH

Ohio Appeals, 1st Dist, Hamilton Co
No. 3843. Decided Feb 24, 1931

Gardner, Freking & Overbeck, J. Q. Martin, and David Davis, Cincinnati, for McColm et.

D. T. Hackett, Cincinnati, for Orebaugh.

ROSS, PJ.

Under the facts alleged in the answer, the following conclusions are reached by the court:

First: By the deed from Cyrus D. McColm reciting it to be in consideration of "one dollar and other good and valuable considerations," Eva L. McColm, the second wife, became the owner in fee simple of the property in question by purchase.

Second: The real estate in question came to McColm, the intestate, from a former deceased wife Eva L. McColm, his deceased wife, by devise.

Third: McColm was the relict of Eva L. McColm, and died intestate and without issue, possessed of the real estate in question.

Fourth: Under the provisions of §8577 GC, such real estate passes to and vests in the child of Eva L. McColm, the deceased wife of the intestate, McColm.

Sec 8577, GC, provides in part:

"When the relict of a deceased husband or wife dies intestate and without issue, possessed of any real estate or personal property which came to such intestate from a former deceased husband or wife by deed or gift, devise or bequest, or under the provisions of **Section eighty-five hundred seventy-four**, then such estate real and personal, shall pass to and vest in the children of such deceased husband, or wife, ·or the legal representatives of such children."

The plaintiff, therefore, as the child of the deceased wife, Eva L. McColm, under the statute takes title to the real estate of the intestate.

We have been cited to the case of **Holmden et al v Craig, 16 C. C. n.s., 157,** as developing a case parallel to the one at bar. This case, however, is easily distinguished. In that case the husband, after taking the property under the will of his deceased wife, devised the same to persons in being at his death. Had McColm so devised the property in question, or deeded it, no difficulty would have been presented in holding either the grantee or living devisees as entitled to take under the conveyance or will. However, McColm, having devised the real estate to one who predeceased him, died intestate, the devise having lapsed. It must be presumed that McColm was familiar with the provisions of §8577 GC, and that not having provided in his will for further taking in the event of the lapse of the devise consequent upon the contingency of the predecease of the devisee, his second wife, that he intended his estate should pass according to the laws providing for intestate descent and distribution, and particularly, §8577 GC. He could have diverted the property from such descent so provided, but he did not.

We find no error in the judgment of the Court of Common Pleas, and the same is affirmed.

HAMILTON and CUSHING, JJ, concur.