MUCKERHEIDE, ADMX., *v.* ZINK ET AL.

(No. 2396—Decided November 14, 1963.)

*Messrs. Hoover, Beall & Eichel,* for plaintiff and defendants H. William Zink and Mervin E. Zink.

*Mr. Albert Spievack,* for defendants Chloa B. Dearinger, Dale Mahin Ryle, and Herman B. Mahin.

DAVIES, J. This matter came before the court upon the petition of Francis M. Muckerheide, as administratrix de bonis non with the will annexed of the estate of Edith A. Mahin, deceased, to determine heirship in said decedent's estate. The decedent died testate on November 18, 1961, devising her estate to her husband, Myrwin G. Mahin, who pre-

deceased her, having died on July 1, 1951. Her next of kin consisted of two nephews, H. William Zink and Mervin E. Zink. She died seized in fee simple of a parcel of real estate situated in Hamilton County, Ohio, which was conveyed to her by deed of general warranty from Clifford W. Springmeier on February 11, 1948. The deed recites that the consideration for the conveyance was "One ($1.00) dollar and other good and valuable considerations" and has attached thereon canceled United States Internal Revenue documentary stamps in the amount of $38.50.

Chloa B. Dearinger, Dale Mahin Ryle, and Herman B. Mahin, who are the sisters and brother and sole surviving next of kin of the decedent's husband, Myrwin G. Mahin, claim that the real estate conveyed to Edith A. Mahin from Clifford W. Springmeier during her husband's life comes under the classification of property which should be distributed under the provisions of Section 2105.10, Revised Code, because, they contend, all of the consideration for the purchase of the property by Clifford W. Springmeier was provided by Myrwin G. Mahin; that Clifford W. Springmeier held the property merely as agent for Myrwin G. Mahin; that as Myrwin G. Mahin's agent the property actually was conveyed by Clifford W. Springmeier to the decedent, Edith A. Mahin, without the payment of any consideration by her to either her husband, Myrwin G. Mahin, or to Clifford W. Springmeier.

Section 2105.10, Revised Code, provides that "When a relict of a deceased husband or wife dies intestate and without issue, possessed of identical real estate or personal property which came to such relict from any deceased spouse by deed of gift, devise, bequest, descent, or by an election to take under Section 2105.06 of the Revised Code, such estate, real and personal, except one half thereof which shall pass to and vest in the surviving spouse of such relict, shall pass to and vest in the children of the deceased spouse from whom such real estate or personal property came, or their lineal descendants, per stirpes. If there are no children or their lineal descendants, such estate, except for the one-half passing to the surviving spouse of such relict, shall pass and descend as follows:

"(A) One half to the other heirs of such relict as provided by sections 2105.01 to 2105.09, inclusive, and 2105.11 to

2105.21, inclusive, of the Revised Code, and in the same manner and proportions as if the relict had left no surviving spouse;

"(B) One half to the parents of the deceased spouse from whom such real estate or personal property came, equally, or the survivor of such parents;

"(C) If there is no parent surviving, to the brothers and sisters, whether of the whole or of the half blood of such deceased spouse, or their lineal descendants, per stirpes;

"(D) If there are no children of the deceased spouse from whom such real estate or personal property came, or their lineal descendants, no parent and no brothers or sisters, whether of the whole or the half blood, or their lineal descendants, who survive such relict, then this section shall not apply and all such real estate and personal property shall pass and descend as provided by Sections 2105.01 to 2105.09, inclusive, and 2105.11 to 2105.21, inclusive, of the Revised Code."

Before any of the real estate which came to the relict, Edith A. Mahin, can pass and descend to the sisters and brother of her deceased husband, Myrwin G. Mahin, there must be a factual compliance with the provisions of the aforementioned Section 2105.10, Revised Code. The relict wife did die "intestate" because the Supreme Court has held in the case of *Foreman, Admx., v. Medina County National Bank*, 119 Ohio St. 17, that "Where a devisee or legatee in a will dies prior to the testator, such devisee or legatee not being a child or other relative of the testator within the terms of Section 10581, General Code (now Section 2107.52, Revised Code), and such will contains no residuary clause nor any provision showing any other intention of the testator, such legacy or devise lapses and such testator dies intestate as to such property named in such legacy or devise."

The relict also died without issue possessed of certain real estate, and her sole heirs at law, under the intestate laws of Ohio, consisted of her nephews, H. William Zink and Mervin E. Zink.

We must finally determine if the real estate possessed by the relict at the time of her death was the identical real estate which came to her from her deceased spouse by deed of gift, devise, bequest, descent, or by an election to take under Section 2105.06, Revised Code.

It is well settled in Ohio that the consideration paid for a conveyance of real estate determines its course of descent and the recital in the deed of conveyance of the payment of the consideration is "operative words" and for the purpose of determining the course of descent is conclusive. *Thiessen* v. *Moore,* 105 Ohio St. 401; *Gardner* v. *Kern,* 115 Ohio St. 575. The court, in *Shehy* v. *Cunningham,* 81 Ohio St. 289, held that the consideration clause in a deed of conveyance is conclusive for the purpose of giving effect to the operative words of the deed.

It is held generally in Ohio that parol evidence is inadmissible to alter, vary or contradict the consideration expressed in a deed, when the purpose or effect of such alteration, variation or contradition would change the effect or legal operation of the deed. Where the deed has a consideration, expressed in it of one dollar, and none other is mentioned, or can be inferred from the language of the deed, such consideration is a valuable consideration, and for the purpose of determining the descent of the real estate conveyed, casts upon the grantee a title by purchase. *Nave, Admr.,* v. *Marshall,* 6 N. P., 488, 6 O. D. (N.P.) 415.

Realty devised to husband by a second wife, on husband's death intestate without issue, was held to descend to surviving child of deceased second wife by former husband. (Section 8577, General Code, now Section 2105.10, Revised Code.) A presumption exists that testator was familiar with statutes governing descent and distribution on lapse of devise. *McColm* v. *Orebaugh,* 40 Ohio App. 238.

The courts in Ohio have interpreted beyond a doubt that the property referred to in the so called half and half statute (now Section 2105.10, Revised Code), must be the identical property before that section becomes operative. For the purpose of descent and distribution when a deed contains a recital of a valuable consideration received from the grantee, it is to be construed as a deed of purchase, and it is not competent to show by parol evidence that it was in fact a deed of gift in order to change the line of descent. *National Bank of Lima* v. *Allen,* 65 Ohio Law Abs. 27.

Where a husband conveys real estate to a trustee to hold for the benefit of the wife of the grantor and the trustee upon the same date and for a nominal consideration conveys the

property to the wife without describing himself as trustee, the property so conveyed to the wife is acquired by her by purchase and not by deed of gift. *Lower, Admr.,* v. *Gardner,* 22 C. C. (N. S.) 385. Lands conveyed by a husband to his wife through a trustee, for a consideration of one dollar as expressed in each deed, come to the wife by purchase, and notwithstanding a manifest intention on the part of the husband to give the property to his wife, the deeds cannot be attacked after her death for the purpose of changing the line of descent. *Sullivan, Exr.,* v. *Corrigan,* 6 N. P. (N. S.) 606, 18 O. D. (N. P.) 832. Where the consideration expressed in a deed of conveyance is a valuable one, the title comes by purchase, and it is not competent to show by parol, that in fact the title came by deed of gift, and thereby changed the line of descent. *Groves* v. *Groves,* 65 Ohio St. 442. Title comes by purchase and not by gift where the consideration expressed in the deed is a valuable one, and the line of descent cannot be changed by showing by parol that the deed was in fact a gift. *Ossman* v. *Schmitz,* 4 C. C. (N. S.) 502. In determining, in such case, whether an instrument for the conveyance of land is a deed of gift or a deed of purchase, its recitals of the payment and receipt of the consideration are material; and a recital in such deed that the conveyance by the named grantor to the grantee, is made in consideration of a specified sum of money received by such grantor from the grantee, so far concerns the operation and effect of the deed as that it is not competent to show, by parol proof, that such instrument is, in fact, a deed of gift from a person not named in it, and that the named consideration was in fact paid by him. *Patterson* v. *Lamson,* 45 Ohio St. 77.

The sisters and brother of the deceased husband, Myrwin G. Mahin, have attempted to prove that while the real estate in question was conveyed to Edith A. Mahin by a deed from Clifford W. Springmeier, while the deed recites a consideration of "One ($1.00) dollar and other good and valuable considerations," and while the deed has attached to it $38.50 in cancelled United States Internal Revenue stamps, actually the property was purchased by money furnished wholly by Myrwin G. Mahin and, for personal reasons, the title was placed in the name of Clifford W. Springmeier and subsequently, on February 11, 1948, at Mahin's request, the property was conveyed to his

wife, Edith, without payment by her or anyone else on her behalf of any consideration, contrary to the recital of a consideration found in the deed. Under these circumstances the husband's next of kin claim that the property is the identical real estate which came to the relict (Edith A. Mahin) by deed of gift from her deceased spouse (Myrwin G. Mahin).

We do not believe that the contention of the deceased husband's sisters and brother has merit for two reasons.

First, the real estate which the relict (Edith A. Mahin) possessed at her death did not come to her from her deceased spouse, but came to her from a third person, Clifford W. Springmeier.

Secondly, even if Springmeier, acting as the husband's agent, held only the legal title to this realty with the beneficial interest therein ownd by the husband when the realty was conveyed to the wife, the realty was not conveyed to the wife as agent for the husband by deed of gift as required by Section 2105.10 Revised Code, but was conveyed by a deed of purchase for a valuable consideration as shown by the recital in the deed itself and, under the law, the court is without authority, as hereinbefore shown, to consider evidence which contradicts that recital.

Under these circumstances the court finds that Edith A. Mahin died intestate and that because he predeceased her, the devises made by Edith A. Mahin to her husband lapsed with the result that all the personal property and all the realty in her estate shall be distributed and descend in equal shares to her sole heirs at law, her two nephews, H. William Zink and Mervin E. Zink.

*Judgment accordingly.*