MUCKERHEIDE, ADMX., APPELLEE, *v.* ZINK ET AL., APPELLEES;
RYLE ET AL., APPELLANTS; ET AL.

[Cite as Muckerheide v. Zink, 1 Ohio App. 2d 76.]

(No. 9452—Decided May 18, 1964.)

*Messrs. Hoover, Beall & Eichel,* for appellees.
*Mr. Albert Spievack,* for appellants.

DOYLE, J. In this appeal from a judgment of the Probate Court of Hamilton County, the appellants, Dale Mahin Ryle, Chloa B. Dearinger and Herman B. Mahin, ask for a reversal of the court's judgment which excluded them from participating in the distribution of specified real property in the estate of Edith A. Mahin, deceased.

The judgment from which the appeal is taken was rendered in a proceeding to determine heirship, instituted in the Probate Court by Frances M. Muckerheide, administratrix d.b.n. w.w.a. of the estate of Edith A. Mahin, deceased, under authority of Section 2123.01, Revised Code, which provides that:

"Whenever property passes by the laws of intestate succession, or under a will to a beneficiary not named in such will, proceedings may be had in the Probate Court to determine the persons entitled to such property."

This statutory proceeding is "ancillary to the administration of an estate, is not of an equitable nature constituting a chancery case, and is appealable to the Court of Appeals on questions of law only * * *." *Bradford et al., Admrs.,* v. *Michlethwaite,* 163 Ohio St., 301.

Edith A. Mahin died testate on November 18, 1961, giving her estate to her husband, Myrwin G. Mahin, who had predeceased her by approximately ten and one-half years, on July 1, 1951. At the time of her death she was seized in fee simple of a parcel of real property which had been conveyed to her on February 11, 1948, by general warranty deed from Clifford W. Springmeier. In the deed appears the statement that the consideration for the conveyance was "one ($1.00) dollar and other good and valuable considerations," paid by Edith A. Mahin. Affixed to the instrument of conveyance were cancelled United States Internal Revenue documentary stamps totalling $38.50.

The property described in the deed noted above is the basis for the controversy between the next of kin of the deceased Edith A. Mahin—namely, nephews H. William Zink and Mervin E. Zink, and the brother and two sisters of the decedent's husband, who are his sole surviving next of kin—namely, Herman B. Mahin, Chloa B. Dearinger and Dale Mahin Ryle. Each

group claims that the members of that group are entitled to share in the property.

The will of the decedent contained no residuary clause; and in view of the fact that the sole devisee was the deceased husband, she died intestate as to the property in question.

The first paragraph of the syllabus of *Foreman, Admx.,* v. *Medina County National Bank*, 119 Ohio St., 17, states the applicable law as follows:

"1. Where a devisee or legatee in a will dies prior to the testator, such devisee or legatee not being a child or other relative of the testator within the terms of section 10581, General Code [Section 2107.52, Revised Code], and such will contains no residuary clause nor any provision showing any other intention of the testator, such legacy or devise lapses and such testator dies intestate as to such property named in such legacy or devise."

The trial judge, Chase M. Davies, in an excellent opinion, has adequately and correctly stated the claims of the appellants as follows:

"Chloa B. Dearinger, Dale Mahin Ryle, and Herman B. Mahin, who are the sisters and brother and sole surviving next of kin of the decedent's husband * * *, claim that the real estate conveyed to Edith A. Mahin from Clifford W. Springmeier during her husband's life comes under the classification of property which should be distributed under the provisions of Section 2105.10 of the Revised Code * * *, because, they contend, all of the consideration for the purchase of the property by Clifford W. Springmeier was provided by Myrwin G. Mahin; that Clifford W. Springmeier held the property merely as agent for Myrwin G. Mahin; that as Myrwin G. Mahin's agent the property actually was conveyed by Clifford W. Springmeier to the decedent, Edith A. Mahin, without the payment of any consideration by her to either her husband, Myrwin G. Mahin, or to Clifford W. Springmeier."

The statute, Section 2105.10, Revised Code, relating to the descent and distribution of property which comes from a deceased spouse, and the law applicable to the effect of recitals of consideration in deeds on the question of whether the deed conveys title by way of purchase or gift, will now be separately considered.

Section 2105.10, Revised Code, provides as follows:

"When a relict of a deceased husband or wife dies intestate and without issue, possessed of identical real estate or personal property which came to such relict from any deceased spouse by deed of gift, devise, bequest, descent, or by an election to take under Section 2105.06 of the Revised Code, such estate, real and personal, except one-half thereof which shall pass to and vest in the surviving spouse of such relict, shall pass to and vest in the children of the deceased spouse from whom such real estate or personal property came, or their lineal descendants, per stirpes. If there are no children or their lineal descendants, such estate, except for the one-half passing to the surviving spouse of such relict, shall pass and descend as follows:

"(A) One half to the other heirs of such relict as provided by Sections 2105.01 to 2105.09, inclusive, and 2105.11 to 2105.21, inclusive, of the Revised Code, and in the same manner and proportions as if the relict had left no surviving spouse;

"(B) One half to the parents of the deceased spouse from whom such real estate or personal property came, equally, or the survivor of such parents;

"(C) If there is no parent surviving, to the brothers and sisters, whether of the whole or of the half blood of such deceased spouse, or their lineal descendants, per stirpes;

"(D) If there are no children of the deceased spouse from whom such real estate or personal property came, or their lineal descendants, no parent and no brothers or sisters, whether of the whole or of the half blood, or their lineal descendants, who survive such relict, then this section shall not apply and all such real estate and personal property shall pass and descend as provided by Sections 2105.01 to 2105.09, inclusive, and 2105.11 to 2105.21, inclusive, of the Revised Code."

This statute is commonly referred to as the "half and half" statute, and relates to property which came to a surviving spouse from a previously deceased spouse; and which property, if the conditions of the statute are met, passes one-half to the line of descent of the relict, and one-half to the line of descent of the spouse who first died. The "half and half" provision applies (1) when a relict of a deceased husband or wife dies intestate (in the instant case the relict, Mrs. Mahin, died intestate as to the property in dispute, supra); and (2) dies

without issue (Mrs. Mahin had no issue); (3) was possessed of identical real estate or personal property which came to such relict from any deceased spouse, by deed of gift, devise, bequest or descent, or by virtue of an election to take under the statute of descent or distribution.

The capacity of the appellants to inherit depends solely upon this statute, for it is again observed that they claim as persons in the line of descent of the husband, the previously deceased spouse, and the validity of their claim depends on the answer to the following query: Was the real estate possessed by the relict-wife at the time of her death identical real estate which came to her from her deceased spouse by way of gift?

If these facts are not established, the support of the statute fails, and property passes to those in line of descent of the subsequently-deceased spouse.

The trial court ruled that the property was deeded to the relict wife by way of purchase and not by gift, and, that, consequently, upon her death it passed in her line of descent to her two nephews. The appellants claim that this ruling is erroneous. They also claim error in the disallowance of evidence, which they assert is sufficient to establish a deed of gift.

Specifically, the assigned errors are:

"1. The trial court refused to examine or consider the relationship of husband and wife, but adopted the theory that the use of the words 'One Dollar and other good and valuable considerations' in an instrument conveying real estate unequivocally created a deed of purchase, which finding was totally unsupported by the evidence and was prejudicial to the appellants herein.

"2. The trial court refused to admit in evidence the testimony of an officer or employee of The First National Bank of Cincinnati, the bank statements and the records of a predecessor bank, The Second National Bank of Cincinnati, showing that the money used to purchase the real estate in question came from the bank account of the decedent's husband, Myrwin G. Mahin, now deceased, all of which was prejudicial to the appellants herein.

"3. The trial court refused to admit in evidence the testimony of Cliff W. Springmeier that said real estate in question had been built by him, sold to Myrwin G. Mahin, the husband

of the decedent, and that Cliff W. Springmeier was directed by Myrwin G. Mahin to prepare and deliver a deed and to name Edith A. Mahin, the wife of Myrwin G. Mahin, the grantee therein, all of which was prejudicial to the appellants herein.

"4. The trial court refused to admit in evidence the records, deposit slips, etc., of Cliff W. Springmeier supported by testimony that Cliff W. Springmeier had sold said real estate to Myrwin G. Mahin and that Myrwin G. Mahin had paid Cliff W. Springmeier the full purchase price for said real estate, all of which was prejudicial to the appellants herein.

"5. The trial court refused to admit in evidence the testimony of Chloa B. Dearinger, one of the sisters of Myrwin G. Mahin, who would have testified that Edith A. Mahin, the decedent, had no estate, that whatever was inventoried in her estate was from her brother, Myrwin G. Mahin, that real and personal property had been given to Edith A. Mahin because of a severe heart ailment suffered by Myrwin G. Mahin during his lifetime and which ultimately resulted in his death, he having predeceased her, all of which was prejudicial to the appellants herein.

"6. The trial court refused to recognize the relationship of Myrwin G. Mahin and Edith A. Mahin, the intent contemplated by the Last Will and Testament of Edith A. Mahin, in which she left everything to her husband, Myrwin G. Mahin, all of which was prejudicial to the appellants herein.

"7. The court opinion attempts to place a peculiar connotation on the existing facts to justify a decision in controvention of O. R. C. 2105.10; further, that the appellants were attempting to vary a written instrument by parole [*sic*] and that Cliff W. Springmeier was a third-party transaction acting either in the capacity of a trustee and/or agent for Myrwin G. Mahin, all of which is supported by testimony—all of which was highly prejudicial to the appellants herein."

The assignments of error, although lengthy, are set forth in full, as they raise in somewhat detail the claims of the appellants as they appear in brief and argument that "The question before this court is whether this court has the right or power to inquire as to the nature of the consideration, and will the court preclude testimony of a third party as to the circumstances surrounding the drafting of a deed."

The wisdom or fairness of the general rule in Ohio applicable to the circumstances here before us, we make no attempt to vindicate. Our duty as a subordinate appellate court is done when we enforce the law as declared by the Supreme Court.

One of the leading cases which has stood unreversed or unmodified for thirty-seven years and more is *Gardner* v. *Kern*, 115 Ohio St., 575. There the court ruled, in effect, that parol or documentary evidence was not admissible to vary the terms of a deed which recited a money consideration, thereby showing the transfer was by way of purchase and not of gift.

It was said that, while such evidence might be regarded as establishing that the grantor did not actually receive a valuable consideration for the conveyance, it did not go so far as to show a mistake had been made in executing the deed with the recital of consideration therein, and consequently that there was no basis for reformation.

The court further held that the grantor had the right to import to the property conveyed the character of an estate acquired by purchase, and that, where he employed the recital of a valuable consideration, it was to be presumed that he did so with the intention of conveying such an estate; and that, where the grantor employed the use of terms expressing a valuable consideration, it may reasonably be presumed ''that those who were engaged in its execution knew of the decision of this court [the Supreme Court of Ohio] * * *, casting upon the grantee a title by purchase, and that the grantor used such recital to accomplish that purpose.''

Paragraph three of the syllabus of this authority (*Gardner* v. *Kern*) establishes the law of the case (and inferentially the law of the case here under review), as follows:

''3. Although the execution of such contemporaneous documents may tend to prove that the grantor contemplated only the distribution of his property [by gift], that fact alone does not furnish clear and convincing proof of a mistake or mistaken intention on the part of the grantor. He had the right to impart to his deed the descendible quality of the title he was conveying; and, when he employed therein the recital of a valuable consideration, it will be presumed that he used the recital with the intention of conveying title to his son through the medium of a deed of purchase.''

Pertinent to the question before us is also the case of *Thiessen* v. *Moore*, 105 Ohio St., 401. The first paragraph of its syllabus provides:

"1. The consideration paid for a conveyance of real estate determines its course of descent, and the recital in the deed of conveyance of the payment of the consideration is 'operative words' within the meaning and intent of the declaration of this court in the case of *Shehy* v. *Cunningham*, 81 Ohio St., 289, and for the purpose of determining the course of descent is conclusive."

In consideration of the various claims of error above noted, it is the conclusion of this court that in no respect did the court err to the prejudice of the appellants.

We find from the record that, while the relict died intestate as to the property in dispute, and died without issue, the trial court acted well within its authority in concluding that she was not possessed of identical real estate which came to her from her deceased spouse by deed of gift, devise, bequest or descent, or by virtue of an election to take under the statute of descent and distribution.

Upon the authority of *Gardner* v. *Kern, supra,* and *Theissen* v. *Moore, supra,* we hold that the court did not err in denying the evidence proffered for the purpose of establishing a deed of gift. We further agree with the trial court's conclusion that "even if Springmeier, acting as the husband's agent, held only the legal title to this realty with the beneficial interest therein owned by the husband when the realty was conveyed to the wife, the realty was not conveyed to the wife [by the grantor, Springmeier] as agent for the husband by deed of gift * * *, but was conveyed by deed of purchase for a valuable consideration as shown by the recital in the deed itself * * *."

For the reasons stated, the judgment will be, and hereby is, affirmed.

*Judgment affirmed.*

HUNSICKER, P. J., and COLLIER, J., concur.

HUNSICKER, P. J., and DOYLE, J., of the Ninth Appellate District, and COLLIER, J., of the Fourth Appellate District, sitting by designation in the First Appellate District.