[Cite as *Arotin v. Arotin*, 2026-Ohio-1226.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

| | |
|---|---|
| WILLIAM AROTIN, et al., | CASE NO. 2025-G-0032 |
| Plaintiffs-Appellants, | |
| - vs - | Civil Appeal from the Court of Common Pleas |
| RANDY J. AROTIN, et al., | |
| Defendants-Appellees. | Trial Court No. 2024 F 000421 |

## OPINION AND JUDGMENT ENTRY

Decided: April 6, 2026
Judgment: Affirmed

*Marc L. Stolarsky*, Marc L. Stolarsky Law, L.L.C., P.O. Box 24221, Cleveland, OH 44124 (For Plaintiffs-Appellants).

*Donald B. Bagley, III* and *David A. Urbancic*, Ibold & O'Brien, 401 South Street, Village Station, Chardon, OH 44024 (For Defendants-Appellees).

MATT LYNCH, P.J.

{¶1} Plaintiffs-appellants, William Arotin and Linda Arotin, appeal from the final judgment of the Geauga County Court of Common Pleas denying their motion for summary judgment and granting summary judgment to defendants-appellees, Randy J. Arotin and Faith O. Cull-Arotin, on appellants' complaint in foreclosure. We affirm the trial court's judgment.

{¶2} In June 2020, appellants executed and recorded a quitclaim deed conveying a parcel of real property in Chardon, Ohio, to appellees "for valuable consideration of $10.00 paid." In June 2024, appellants initiated this foreclosure action

against appellees "to reclaim ownership of the real property due to breach of contract plus other relief as set forth here."

{¶3} In their amended complaint in foreclosure, appellants alleged that on or about June 17, 2020, they agreed to sell the property to appellees in an oral contract for a total price of $20,000.00 plus costs of $735.00, which appellees agreed to pay in $300.00 monthly installments. Appellants submitted the quitclaim deed and receipts of payments made by appellees in the total amount of $4,350.00. According to appellants, appellees had not made any payments since October 3, 2022, leaving a balance due of $16,385.00. They additionally alleged that appellees had failed to pay property taxes to the Geauga County Treasurer. Appellants requested the following relief from the trial court:

1. Transfer of the real property from Defendants to Plaintiffs.

2. That any person owning or claiming any right, title or interest in the property as set forth in this Complaint be required to answer, setting forth their interest, if any, or be forever barred from asserting any right, title or interest in the property.

3. That the court order that the property as described in this Complaint be awarded to Plaintiffs according to law.

4. Cost and fees of this action including the Court filing fee and all attorney fees that are reasonable for this action.

5. Complainants ask the Court to order Defendants to pay the Geauga County Treasurer with the amount in property taxes that Defendants have failed to pay while they were in possession of the property in question.

6. For such other and further relief as this Court deems just and equitable.

{¶4} Appellees answered the amended complaint, denying the oral contract and outstanding balance.

Case No. 2025-G-0032

{¶5} Appellants moved for summary judgment, maintaining "they have demonstrated that (1) there is no genuine issue of material fact because Plaintiffs and Defendants agreed to an oral contract for the sale of the real property and Plaintiffs have presented evidence showing that there was an oral contract by attaching the payment receipts to this Motion; (2) Plaintiffs have a right to the real property that they contracted to sell to Defendants; and (3) construing the evidence in Plaintiffs' favor because Defendants breached their contract to Plaintiffs they are no longer entitled to the property." In addition to the payment receipts, appellants submitted affidavits in which they each affirmed the allegations in their amended complaint.

{¶6} Appellees opposed the motion on the following grounds: (1) appellants lacked standing to bring a foreclosure action, as they have not pleaded facts alleging the existence of a legally enforceable lien or mortgage on the property; (2) appellants falsely claim that certain disputed facts are undisputed (e.g., that appellants agreed to sell the property in an oral contract, that appellees agreed to pay $20,735.00 in $300.00 monthly installments, and that the payments totaling $4,350.00 were related to the property transfer); (3) appellants have not presented facts that show an exception to the statute of frauds, requiring contracts for the purchase of real property to be in writing; (4) the quitclaim deed appended to the amended complaint bars all conflicting parol evidence of consideration in excess of $10.00; and (5) the exemption form submitted by appellants to the County Auditor is evidence that the transfer was a gift (although this document was not attached as an exhibit to appellees' response).

{¶7} Appellees subsequently moved for summary judgment on the basis that appellants lacked standing to bring a foreclosure action against them. Appellees attached

Case No. 2025-G-0032

as an exhibit to their motion the preliminary judicial report, which had been prepared for appellants, indicating that title to the property is vested in appellees by the recorded quitclaim deed and that appellants did not hold a mortgage or lien on the property at the time the lawsuit was filed. Appellees also submitted affidavits in which they each averred that they owned the property when the complaint was filed, there were no liens or mortgages recorded against the property when the complaint was filed, and there were no liens or mortgages presently recorded against the property.

{¶8} Appellants did not respond in opposition to appellees' motion for summary judgment.

{¶9} The trial court issued a written decision on August 15, 2025, denying appellants' motion for summary judgment, granting appellees' motion for summary judgment, and dismissing the case. The court determined that appellants lacked standing to bring a foreclosure action because the quitclaim deed attached to the amended complaint proves appellants transferred all interest in the property to appellees four years prior to filing suit. The court additionally held that, to the extent appellants were attempting to recover the remaining payments allegedly owed under the oral contract, their claim was barred by the parol evidence rule.

{¶10} From this decision, appellants filed a timely notice of appeal. They present two assignments of error for our review:

[1.] The Trial Court erred in denying Plaintiffs-Appellants' Motion for Summary Judgment because no genuine issue of material fact exists as to Defendants-Appellants' breach of the oral land contract, and Plaintiffs-Appellants are entitled to judgment as a matter of law.

[2.] The Trial Court committed prejudicial error in granting Defendants-Appellees' . . . Motion for Summary Judgment as they failed to meet their burden under Civil Rule 56.

We address the assignments of error together for ease of discussion.

{¶11} "As a preliminary matter, this court would note that, as a general proposition, the denial of a summary judgment motion is not considered a final appealable order." *Tornincasa v. Liberty Loc. Sch. Dist. Bd. of Educ.*, 1995 WL 815364, *4 (11th Dist. Dec. 8, 1995), citing *State ex rel. Overmeyer v. Walinski*, 8 Ohio St.2d 23, 23 (1966). "However, the Supreme Court of Ohio has also held that the judgment denying such a motion can be appealed after an adverse final order has been rendered in the case." *Id.*, citing *Balson v. Dodds*, 62 Ohio St.2d 287, 289 (1980). "Thus, in appealing from the granting of an appellee's summary judgment motion, an appellant can also contest the denial of its competing motion." *Id*.

{¶12} A trial court's summary judgment decision is reviewed de novo on appeal. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Appellate review is necessarily confined to the materials that were properly before the trial court in the first instance. *See State ex rel. Duncan v. Chippewa Twp. Trs.*, 73 Ohio St.3d 728, 730, quoting *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus ("'A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter.'"). Accordingly, any reference in the parties' briefs to evidence that was not presented to the trial court has not been considered on appeal.

{¶13} Summary judgment is appropriate under Civ.R. 56(C) when the moving party establishes the following: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and

viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The moving party must point to evidentiary materials of the type listed in Civ.R. 56(C), which include "the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any." *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id*. at 293. However, if the moving party meets its initial burden under Civ.R. 56(C), then the nonmoving party has a reciprocal burden under Civ.R. 56(E) to demonstrate, by affidavit or as otherwise provided in the rule, that there is a genuine issue of material fact suitable for trial. *Id*. If the nonmoving party fails to do so, the trial court may enter summary judgment against that party. *Id*.

{¶14} Appellants challenge the trial court's decision to grant appellees' motion for summary judgment, arguing that appellees did not meet their burden of production under Civ.R. 56(C). Appellees moved for summary judgment on the basis that appellants lacked standing to foreclose.

{¶15} There is no standing to pursue a foreclosure action if the plaintiff does not have an enforceable interest, typically a mortgage or other lien, that existed at the time the complaint was filed. *Bank of New York Mellon v. Workman*, 2020-Ohio-3330, ¶ 46 (11th Dist.), citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 2012-Ohio-5017, ¶ 27. *See also Wells Fargo Bank, N.A. v. Horn*, 2015-Ohio-1484, ¶ 17 ("[A]lthough the plaintiff in a foreclosure action must have standing at the time suit is commenced, proof of standing may be submitted subsequent to the filing of the complaint.").

{¶16} The quitclaim deed attached to appellants' amended complaint proved that they transferred all interest in the property to appellees approximately four years prior to filing suit. The summary judgment record shows no recorded mortgage or lien in appellants' favor at the time of filing; appellees' affidavits attest to the absence of any such encumbrance; and appellants' own preliminary judicial report reflects title in appellees free of any such encumbrance. We therefore agree with the trial court's conclusion that appellants lacked standing to foreclose as a matter of law.

{¶17} Appellants also challenge the trial court's conclusion that the parol evidence rule bars them from recovering the remaining payments allegedly owed under the oral contract. In so holding, the trial court recited R.C. 1302.05 and noted it could find no case that has specifically applied the statute to a quitclaim deed. This is because R.C. 1302.05 establishes the parol evidence rule for commercial transactions for the sales of goods under Ohio's codification of the Uniform Commercial Code.

{¶18} Ohio real estate transactions are governed by the common law parol evidence rule, which has long held that "'absent fraud, mistake or other invalidating cause, the parties' final written integration of their agreement may not be varied, contradicted or supplemented by evidence of prior or contemporaneous oral agreements, or prior written agreements.'" *Galmish v. Cicchini*, 90 Ohio St.3d 22, 27 (2000), quoting 11 Williston on Contracts (4th Ed. 1999). "Despite its name, the parol evidence rule is not a rule of evidence, nor is it a rule of interpretation or construction." *Id*., citing *Charles A. Burton, Inc. v. Durkee*, 158 Ohio St. 313, 324 (1952). "'The parol evidence rule is a rule of substantive law which, when applicable, defines the limits of a contract.'" *Id*., quoting *Durkee* at paragraph one of the syllabus. The principal purpose of the parol evidence

Case No. 2025-G-0032

rule is to protect the integrity of a written contract by ensuring "the stability, predictability, and enforceability of finalized written instruments." *Id*.

{¶19} Ohio courts also apply the merger-by-deed doctrine, which provides that "whenever a deed is delivered and accepted without qualification pursuant to a sales contract for real property, the contract becomes merged into the deed and no cause of action upon said prior agreement exists. The purchaser is limited to the express covenants only." *Suermondt v. Lowe*, 2006-Ohio-224, ¶ 19 (5th Dist.). Thus, in the real estate context, the parol evidence rule prevents parties from introducing evidence of oral agreements that would contradict clear and unambiguous terms of a written deed or lease agreement. Once merger occurs, prior oral agreements are generally extinguished, and parties cannot pursue claims based on those earlier arrangements.

{¶20} "The construction of written instruments is a matter of law." *McCoy v. AFTI Properties, Inc.*, 2008-Ohio-2304, ¶ 8 (10th Dist.), citing *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241 (1978), paragraph one of the syllabus. "When construing a deed, a court must examine the language contained within the deed, the question being not what the parties meant to say, but the meaning of what they did say, as courts cannot put words into an instrument which the parties themselves failed to do." *Id*., citing *Larwill v. Farrelly*, 8 Ohio App. 356, 360 (5th Dist. 1918). Specifically, "[a] consideration clause is conclusive as to the amount, kind, and receipt of consideration and is not open to explanation by parol proof." *Id*. at ¶ 13, citing *Shehy v. Cunningham*, 81 Ohio St. 289 (1909), syllabus.

{¶21} For example, in *McCoy*, the deed contained the language, "for valuable consideration paid," but the transferor claimed the conveyance was a gift. *Id*. at ¶ 5-6.

Case No. 2025-G-0032

The Tenth District Court of Appeals held that "'parol evidence is inadmissible to alter, vary or contradict the consideration expressed in a deed, when the purpose or effect of such alteration, variation or contradiction would change the effect or legal operation of the deed.'" *Id*. at ¶ 11, quoting *Muckerheide v. Zink*, 3 Ohio Misc. 33, 36 (Hamilton P.C. 1963). The court explained that "when a deed contains a recital of a valuable consideration received from the grantee, it is to be construed as a deed of purchase, and parol evidence may not be used to show that it was instead a deed of gift." *Id*., citing *Groves v. Groves*, 65 Ohio St. 442 (1902), syllabus.

{¶22} Here, the quitclaim deed clearly and unambiguously states that appellants, "for valuable consideration of $10.00 paid, Quit Claims to [appellees] . . . the following real property . . . ." Absent fraud, mistake or another invalidating cause, appellants may not contradict the recited consideration with parol evidence of a prior or contemporaneous oral agreement for additional payments. Appellants do not dispute the validity of the deed, nor do they allege fraud, mistake or any other invalidating cause. Rather, they contend that the oral agreement is enforceable under the part performance exception to the statute of frauds.

{¶23} Ohio's statute of frauds, codified in R.C. Chapter 1335, requires all contracts for the sale of lands to be "in writing and signed by the party to be charged therewith." R.C. 1335.05. "No lease, estate, or interest, either of freehold or term of years, or any uncertain interest of, in, or out of lands, tenements, or hereditaments, shall be assigned or granted except by deed, or note in writing, signed by the party assigning or granting it, or his agent thereunto lawfully authorized, by writing, or by act and operation of law." R.C. 1335.04. An agreement that fails to satisfy the statute of frauds may still be enforceable

Case No. 2025-G-0032

if the parties partially performed the contract. *See Stoops v. Miller*, 97 Ohio App.3d 265, 269 (1994), quoting *Delfino v. Paul Davies Chevrolet, Inc.*, 2 Ohio St.2d 282 (1965), paragraph four of the syllabus (part performance "'must consist of unequivocal acts by the party relying upon the agreement, which are exclusively referable to the agreement and which have changed his position to his detriment and make it impossible or impractical to place the parties *in statu quo*'").

{¶24} Appellants contend that appellees made partial payments, accepted possession, and corresponded extensively in writing regarding the obligation, all of which unequivocally confirms the existence and terms of the oral contract and removes it from the statute of frauds. However, appellants conveyed their interest in the property to appellees in a signed writing, the quitclaim deed. Thus, the statute of frauds is satisfied here and, under the merger-by-deed doctrine, any prior oral agreement has been extinguished. Even assuming that the receipts are evidence of partial payments under an oral agreement, the evidence is barred under the parol evidence rule. "Attempts to prove assertions contradictory to the terms in the written instrument through parol evidence is exactly what the statute of frauds was designed to prohibit." *McCoy*, 2008-Ohio-2304, at ¶ 11 (10th Dist.).

{¶25} The summary judgment record reflects (1) a quitclaim deed transferring title for valuable consideration paid; (2) no recorded security; and (3) claimed oral terms of a prior agreement that would vary the deed's expressed consideration and legal effect. Appellants' chosen remedies—foreclosure and reconveyance—depend on the existence of a security interest or a basis to rescind the deed, neither of which is shown here. Appellants lacked standing to foreclose, and their breach of oral contract theory fails as

a matter of law on this record.  Therefore, reasonable minds could only conclude that appellees are entitled to judgment as a matter of law.  *See* Civ.R. 56(C).

{¶26}  Appellants' assignments of error lack merit.  The judgment of the Geauga County Court of Common Pleas is affirmed.


EUGENE A. LUCCI, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-G-0032

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellants' assignments of error are without merit. It is the judgment and order of this court that the judgment of the Geauga County Court of Common Pleas is affirmed.

Costs to be taxed against appellants.

PRESIDING JUDGE MATT LYNCH

JUDGE EUGENE A. LUCCI,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-G-0032