No. 812
KERN v. GARDNER et
Ohio Appeals, 6th Dist., Sandusky Co.
No. 158.   Decided June 26, 1925

997. REAL ESTATE—Status of, fixed by consideration recited in deed.

448. EVIDENCE—Parol or documentary not permissible to show that title came by deed of gift when valuable consideration is recited in deed.

YOUNG, J.

Lottie Kern brought an action to quiet title in the Sandusky Common Pleas against Harriet Gardner et. Upon hearing it was decreed that title to the premises were in said Lottie Kern and quieted title to the same against Gardner and dismissed the latter's petition.

The case was appealed to the Court of Appeals where it was claimed by Gardner that the property in question came to the husband of Mrs. Kern by deed of gift as ancestoral property. It appeared that in 1889 the property was deeded to the husband by his father for a consideration of $9,000 and on the same day a will was executed disposing of other property.

The property conveyed by deed was also mentioned in the will and on November 10, 1923 the husband died leaving his widow, Lottie Kern but no children or legal representatives. It was contended by Gardner that the property deeded to the husband is ancestoral property and that the widow, under 8573 GC. has but a life estate therein and that the deed, in

cases of this kind, is open to explanation and that documentary evidence is permissible to have facts shown. It was claimed by Kern that the property being obtained by a deed reciting a valuable consideration it passed by purchase and under 8574 GC. she took a fee simple estate. The Court held:

1. Evidence, extraneous or documentary in nature cannot be admitted, except to show whether the consideration had been paid, but not for the purpose of affecting the title.

2. Where the consideration expressed in a deed of conveyance is a valuable one, the title comes by purchase and it is not competent to show by parol that in fact the title came by deed of gift and thereby change the line of descent. Thiessen v. Moore, 105 OS. 420.

3. Title to real estate is conveyed and transferred by delivery of deed; while a will is ambulatory in character, the provisions of which may be changed at any time, either in part or in its entirety, or may even be added to by codicil, but it does not become effective until the death of the testator.

4. The deed in this case was delivered Jan. 10, 1899, at a time when the testator was still living, and while the memorandum attached to the will used the word "devise" the fourth item thereof provided a tract of land had been "conveyed" and "I do not therefore make to them any devise or bequest whatsoever."

5. It was the intent of the father to transfer the land by deed and having fixed a valuable consideration therein, which determines the status of the property as having passed by purchase, the decree is for Lottie Kern.

Attorneys—Parkhurst & Vickery, Bellvue, for Kern; Miller & Brady, Toledo, for Gardner et.