OPINION
{¶ 1} O'Neal McCoy, individually, and as executor of the estate of Florence McCoy, plaintiff-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court overruled appellant's objections to the magistrate's decision.
 {¶ 2} Appellant is 88 years old. Appellant and his wife Florence owned a house. Frank Walker, defendant-appellee, is appellant's nephew and was married to Lisa Bebley-Walker, defendant-appellee. Frank was raised by appellant and Florence. Frank and Lisa *Page 2 
have four children. Lisa was the sole owner of AFTI Properties, Inc. ("AFTI"), defendant-appellee. On October 16, 2001, appellant and Florence executed a quitclaim deed transferring ownership of their home to AFTI, although the two continued to live in the home. Frank filed for bankruptcy in November 2003. Unbeknownst to appellant, Frank and Lisa divorced in August 2004. Florence died in January 2005, and, soon after, appellant decided to move into Lisa's residence. Appellant wished to purchase his own condominium, and Lisa stated she would help him obtain a loan for such using his and Florence's prior home as collateral. Appellant claimed that, when Lisa took no further action, appellant sought counsel to determine the state of his financial affairs.
 {¶ 3} On January 9, 2006, appellant filed the present action against AFTI, Lisa, Frank, and American Mortgage Network, defendants-appellees, alleging misrepresentation and seeking rescission of the quitclaim deed. On January 25, 2006, AFTI transferred the home to Lisa. Appellant filed an amended complaint on March 14, 2006, removing American Mortgage Network as a party and generally alleging the same allegations as in the original complaint. AFTI's Articles of Incorporation were cancelled on August 16, 2006.
 {¶ 4} On June 7 and 8, 2007, a hearing was held before a magistrate, and, on July 12, 2007, the magistrate issued a decision, denying appellant's request to rescind the transfer and determining the home was transferred as a gift to AFTI. Appellant filed objections. On August 15, 2007, the trial court denied appellant's objections. The trial court concluded, among other matters not pertinent to this appeal, that the evidence demonstrated the property transfer was a gift. Appellant appeals the judgment of the trial court, asserting the following assignment of error: *Page 3 
 The trial court erred when it overruled Plaintiffs' objection to the Magistrate's finding that Appellant O'Neal McCoy was not entitled to recission [sic] of the quit claim deed that transferred title to 1375 Sunbury Road from Appellant McCoy and his deceased spouse to Appellee AFTI Properties.
 {¶ 5} Appellant argues in his sole assignment of error that the trial court erred when it adopted the magistrate's decision finding that appellant was not entitled to a rescission of the quitclaim deed and that the transfer of the home represented a gift to AFTI. Appellant claims that it is undisputed that no consideration was given for the transfer, Lisa was not a blood relative of appellant, and appellant had no interest in AFTI; thus, the transfer of property could not have constituted a gift.
 {¶ 6} The quitclaim deed in question provides:
 O'NEAL MC COY and FLORENCE MC COY, HUSBAND AND WIFE,
 of Franklin County, Ohio for valuable consideration paid, does hereby release, remise and quit-claim unto
 AFTI. PROPERTIES, INC.
 whose tax mailing address is 6388 LaCasa Court, Westerville, OH 43082 the following REAL PROPERTY:
 SITUATED IN THE CITY OF COLUMBUS, COUNTY OF FRANKLIN AND STATE OF OHIO.
 BEING FULLY DESCRIBED ON THE "EXHIBIT A" ATTACHED HERETO AND INCORPORATED HEREIN.
(Emphasis added.) *Page 4 
 {¶ 7} Judgments supported by competent, credible evidence will not be reversed. See C.E. Morris v. Foley Constr. Co. (1978),54 Ohio St.2d 279, syllabus. In determining whether a trial court's judgment is against the manifest weight of the evidence, a reviewing court must not reweigh the evidence. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 79-80. An appellate court should not substitute its judgment for that of the trial court when competent, credible evidence going to all of the essential elements of the case exists. The trial judge is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony. Id., at 80.
 {¶ 8} The construction of written instruments is a matter of law.Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, paragraph one of the syllabus. When construing a deed, a court must examine the language contained within the deed, the question being not what the parties meant to say, but the meaning of what they did say, as courts cannot put words into an instrument which the parties themselves failed to do. Larwill v. Farrelly (1918), 8 Ohio App. 356, 360.
 {¶ 9} In the present case, the magistrate found the parties agreed that no consideration was given for the property transfer and then proceeded to address whether the evidence demonstrated that appellant had made an intervivos gift of personal property to AFTI. Appellant first claims that the failure of consideration, when the deed indicates on its face that valuable consideration was given, is grounds for rescission of the deed. However, failure of consideration does not inevitably result in a rescission, or cancellation, of a deed. It is well-settled that the mere failure of consideration, whether partial or total, when unmingled with fraud or bad faith, is not sufficient to warrant the *Page 5 
rescission of an executed contract, such as a deed. Miller v.Brookville (1949), 152 Ohio St. 217, 220, citing Cleveland v.Herron (1921), 102 Ohio St. 218, 224. Here, neither the trial court nor the magistrate found any credible evidence that misrepresented a material fact to the transaction. Because the trial court is in the best position to evaluate the credibility of witnesses, we will not substitute our judgment for that of the trial court. See SeasonsCoal, supra.
 {¶ 10} Notwithstanding, appellant also contends the trial court erred when it found the transfer of property from appellant to AFTI was a gift. Although both the trial court and magistrate determined that the transfer of property in the deed was a gift, neither the court nor magistrate addressed the effect of the specific language included in the deed that indicated the property was transferred "for valuable consideration paid." Both the magistrate and trial court accepted the parties' representations that no consideration was actually exchanged for the transaction and proceeded to address whether the property was a gift.
 {¶ 11} In essence, the trial court and magistrate concluded that the consideration language in the deed evincing a deed of purchase should be invalidated by evidence outside the contract evincing a deed of gift. However, "[i]t is held generally in Ohio that parol evidence is inadmissible to alter, vary or contradict the consideration expressed in a deed, when the purpose or effect of such alteration, variation or contradiction would change the effect or legal operation of the deed."Muckerheide v. Zink (1963), 3 Ohio Misc. 33, 36; see, also, Nave v.Marshall (1899), 9 Ohio Dec. 415 (the law is well-settled that, notwithstanding a deed acknowledged the receipt of a consideration, the grantor may not show by parol evidence that none whatsoever was in fact received when his *Page 6 
purpose is to defeat the operation of the deed and render the conveyance void). Further, in determining whether an instrument for the conveyance of land is a deed of gift or a deed of purchase, its recitals of the payment and receipt of the consideration are material and concern the operation and effect of the deed. Patterson v. Lamson (1887),45 Ohio St. 77, 89-90. Thus, when a deed contains a recital of a valuable consideration received from the grantee, it is to be construed as a deed of purchase, and parol evidence may not be used to show that it was instead a deed of gift. Groves v. Groves (1902), 65 Ohio St. 442, syllabus; Natl. Bank of Lima v. Allen (1952), 65 Ohio Law Abs. 27. The underlying rationale for this principle is apparent given the requirement of the statute of frauds for a writing when real property is involved. Attempts to prove assertions contradictory to the terms in the written instrument through parol evidence is exactly what the statute of frauds was designed to prohibit.
 {¶ 12} These tenets were illustrated in Kern v. Gardner (1925),26 Ohio App. 48. In that case, a father deeded property to his son, citing consideration of $9,000, while disposing of the remainder of his estate via a will. When the son died intestate, heirs of the father claimed that the property had been passed to the son as a gift, thereby giving the son's wife only a life estate, while the son's wife claimed that the property passed to the son through a deed of purchase, thereby giving the son's wife a fee-simple estate. The heirs claimed that the consideration in the deed was open to explanation and challenge through extraneous or documentary evidence. While the court agreed that such evidence may be admitted under some circumstances, the court concluded that such outside evidence cannot be admitted for the purpose of affecting the title. Id., at 50. The court found that consideration named in a deed is one of the criterions by which is *Page 7 
determined whether it is a deed of gift or one of purchase, and it is improper to show that consideration was not paid as specified in the deed in an attempt to change the operation and effect of the deed. Id., at 51, citing Shehy v. Cunningham (1909), 81 Ohio St. 289; Thiessen v.Moore (1922),105 Ohio St. 401; and Groves, supra. Thus, the court was of the opinion that it was the intent of the father to transfer the property to his son by deed of purchase, and that the fixing of a valuable consideration price therein determined the status of the property as having passed by purchase.
 {¶ 13} In the present case, the deed indicates that the conveyance was made "for valuable consideration paid." This phrase is unambiguous. As explained above, if a valuable consideration is expressed in a deed, the title passes by purchase, and not by deed of gift. West v. West (Mar. 26, 1993), Miami App. No. 9247, citing 52 Ohio Jurisprudence 3d (1984), Gifts, Section 1. A consideration clause is conclusive as to the amount, kind, and receipt of consideration and is not open to explanation by parol proof. Shehy, at syllabus; see, also, Lamkin v. Robinson (1910), 21 Ohio Dec. 13, citing Shehy (if a contract recites consideration, such recital for some purposes can be contradicted, i.e., in an action to recover such consideration, but mere failure to pay does not of itself defeat the operative words of the contract). Here, the consideration clause must be deemed conclusive as to receipt, despite the parol evidence that no consideration was ever exchanged.
 {¶ 14} For these reasons, we find parol evidence was inadmissible to contradict the explicit language in the deed that valuable consideration had been paid. Valuable consideration having been indicated in the deed, the operation and effect of such deed was not subject to contravention, and the property must be deemed to have passed by *Page 8 
deed of purchase. Therefore, we find that the trial court did not err when it denied appellant's request to rescind the transfer but find the property was transferred to AFTI by deed of purchase.
 {¶ 15} However, even if we were to analyze the circumstances under the view that the deed was one of gift, as the trial court and magistrate found, we would affirm the trial court. The elements of a gift of real property are: (1) intent of the donor to make an immediate gift; (2) delivery of the property to the donee; and (3) acceptance of the gift by the donee. Hippely v. Hippely, Columbiana App. No. 01 CO 14, 2002-Ohio-3015, at ¶ 14. In the case sub judice, the evidence shows that appellant executed the quitclaim deed, it was recorded, and AFTI accepted the real property. The trial court apparently did not believe that appellant did not intend to transfer the property. After reviewing the record, we find the weight of evidence demonstrates that appellant knowingly and willingly transferred the property to AFTI. Lisa testified that the transfer was a gift to her, Frank, and their children, and appellant and his wife were "relentless" in reminding her that they wished to transfer the property to them. Likewise, Frank testified that appellant and Florence had been discussing gifting the property to him for several years prior to the transfer, and they were emphatic about giving him the house. Frank also explained that the deed was not put in his name because he was having business related financial issues at the time. Lisa testified that, at the time appellant signed the deed, the details were explained to him, and he never expressed any reservations. Joseph Barone, the attorney who worked with the parties on the deeds, testified that, although he did not specifically remember what he told appellant and his wife at the time of closing, his practice is always to inform the parties what they are signing, the effect of their execution, *Page 6 
and the nature of the transaction. He stated if he would have felt the parties did not know what they were signing, he would not have completed the transaction. Barone also testified that the transfer statement filed with the deed at the recorder's office indicated the transfer was a gift.
 {¶ 16} Based upon this evidence, we find that, even if we were permitted to consider evidence outside the deed and conclude the deed was not one of purchase, the weight of the evidence would support an alternative finding that appellant executed the deed intending the property as a gift to AFTI. Regardless, under either scenario, the outcome would be the same and support the conclusion that appellant knowingly and willingly transferred the property to AFTI. For these reasons, we find the trial court did not err when it determined that appellant was not entitled to rescission of the quitclaim deed, and appellant's assignment of error is overruled.
 {¶ 17} Accordingly, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 BRYANT and PETREE, JJ., concur. *Page 1