OPINION
{¶ 1} Plaintiff-appellant, The Law Offices of Squire Pierre-Louis, LLC ("SPL"), appeals the decision of the Franklin County Court of Common Pleas, in which that court overruled objections to a magistrate's decision following a bench trial, and entered *Page 2 
judgment against SPL and in favor of defendant-appellee, Fahey Bank ("Fahey"), on SPL's claim for declaratory judgment, and on Fahey's counterclaim for recovery on SPL's guaranty of a defaulted loan.
 {¶ 2} The following facts and procedural history are taken from the record and are undisputed unless otherwise noted. SPL is a Franklin County, Ohio law firm formerly operated by Percy Squire ("Squire") and Lloyd Pierre-Louis ("Pierre-Louis"). The two attorneys formed SPL on April 1, 2003 as a limited liability company pursuant to R.C. Chapter 1705. Fahey is an Ohio-chartered, family-owned bank headquartered in Marion, Ohio.
 {¶ 3} When SPL opened a business checking account with Fahey, Fahey asked it to complete a "Limited Liability Company Authorization Resolution" form ("resolution"). One portion of the resolution states, "AGENTS. Any agent listed below, subject to any written limitations, is authorized to exercise the powers granted as indicated below." Thereafter, Squire's and Pierre-Louis's names are typed and the signature of each appears next to the typewritten names. Squire's name appears on the first line, marked "A" and Pierre-Louis's name appears on the second line, marked "B."
 {¶ 4} Below this section, the resolution contains a numbered list of powers, with descriptions for each and a line next to each. At the top of this section are the words, "Indicate A, B * * *." The fourth power listed is the power to "[b]orrow money on behalf and in the name of the Limited Liability Company, sign, execute and deliver promissory notes or other evidences of indebtedness." Neither "A" nor "B" is written next to any of the enumerated powers. The bottom of the resolution bears the signature of Pierre-Louis. During the course of the trial litigation, SPL contended that because neither "A" nor "B" is *Page 3 
written next to any of the enumerated powers, the resolution resulted in neither of its members having any of the enumerated powers. Contrarily, Fahey argued that the resolution gave both members all of the enumerated powers.
 {¶ 5} Squire is the owner of a limited liability company called "Stop 26-Riverbend Licenses, LLC" ("Stop 26"), which operates radio stations. Pierre-Louis does not own any interest in Stop 26. On May 5, 2005, Fahey loaned Stop 26 the sum of $191,632.46. This loan was memorialized in a set of several documents, including a loan agreement, commercial security agreement, and UCC-1 financing statements for each of several guarantors of the loan, not including SPL. SPL also was not among the list of guarantors appearing on the face of the loan agreement and promissory note.
 {¶ 6} Nevertheless, the record contains a guaranty ("guaranty") signed by Squire on behalf of SPL, without Pierre-Louis's knowledge, guaranteeing payment of Stop 26's obligations under the loan agreement. The guaranty bears the date May 5, 2005, though all parties agree that Squire did not sign the guaranty on that date. Rather, May 5, 2005 was the date of the original loan documents.
 {¶ 7} SPL's operating agreement contains a provision stating that the filing of personal bankruptcy by either member constitutes an involuntary withdrawal by that member. Squire filed a personal bankruptcy petition on July 1, 2005. This triggered the automatic withdrawal provision, leaving Pierre-Louis as the sole member of SPL. The parties dispute whether Squire signed the guaranty before or after he filed bankruptcy and ceased being a member of SPL. However, Squire testified that he signed the guaranty before he filed his personal bankruptcy petition. At some point, Stop 26 defaulted on the *Page 4 
loan agreement. In September 2005, Pierre-Louis learned of the existence of the guaranty.
 {¶ 8} On May 24, 2006, SPL filed this action against Fahey, seeking a declaration that the guaranty was unenforceable, and damages for the alleged conversion of certain checks negotiated by Squire. On June 23, 2006, Fahey filed an answer and counterclaim, seeking enforcement of the guaranty and payment of the outstanding balance of the Stop 26 loan. The matter was referred to a magistrate for a bench trial, which took place August 6, 2007 through August 8, 2007. On September 24, 2007, the magistrate rendered a lengthy decision in which the magistrate found that the guaranty was enforceable and that SPL's conversion claims lacked merit. SPL filed objections to the magistrate's decision, which the trial court overruled in a decision and entry journalized on July 28, 2008. The court concluded, inter alia, that Squire had both actual and apparent authority to execute the guaranty on SPL's behalf.
 {¶ 9} SPL timely appealed and advances five assignments of error, as follows:
 ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED WHEN IT CONCLUDED, AS A MATTER OF FACT, THAT THE DATE APPEARING ON THE FACE OF THE GUARANTY WAS NOT THE INTENDED DATE OF THE GUARANTY.
 ASSIGNMENT OF ERROR II
 THE TRIAL COURT ERRED IN CONCLUDING THAT PERCY SQUIRE SIGNED THE GUARANTY BEFORE HE FILED BANKRUPTCY.
 ASSIGNMENT OF ERROR III
 THE TRIAL COURT ERRED IN DETERMINING THAT APPELLANT, A LAW FIRM, WAS AUTHORIZED TO *Page 5 
GUARANTY THE DEBT OF ANOTHER UNAFFILIATED ENTITY PURSUANT TO THE OPERATING AGREEMENT.
 ASSIGNMENT OF ERROR IV
 THE TRIAL COURT ERRED IN DETERMINING THAT THE GUARANTY GAVE SQUIRE UNILATERAL AUTHORITY TO INDEBT APPELLANT TO FAHEY.
 ASSIGNMENT OF ERROR V
 THE TRIAL COURT ERRED IN DETERMINING THAT THE CHECKING ACCOUNT RESOLUTION GAVE SQUIRE AUTHORITY TO EXECUTE A GUARANTY.
 {¶ 10} By all five of its assignments of error, SPL contends that the trial court's judgment is against the manifest weight of the evidence. "Civil `[judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence.'"Cunningham v. Ohio Dept. of Transp., Franklin App. No. 08AP-330,2008-Ohio-6911, ¶ 20, quoting C.E. Morris Co. v. Foley Constr. Co.
(1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus.
 {¶ 11} When considering whether a civil judgment is against the manifest weight of the evidence, an appellate court is guided by a presumption that the findings of the trier of fact were correct.Seasons Coal Co., Inc. v. Cleveland (1984), 10 Ohio St.3d 77, 79-80, 10 OBR 408, 461 N.E.2d 1273. "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Id. at 80. *Page 6 
 {¶ 12} By its first assignment of error, SPL argues that instead of finding that May 5, 2005 was the intended date of the guaranty, the "trial court should have concluded that the date of the Guaranty was ambiguous, and thereafter construed the ambiguity in favor of [SPL]."[1] We fail to see, and SPL fails to explain, how our sustaining this assignment of error would affect the trial court's judgment. It is undisputed that, generally speaking, so long as Squire was a member of SPL, he possessed actual authority to take actions on its behalf.
 {¶ 13} Whether or not the "intended" date or the "effective" date of the guaranty was the date noted thereon (May 5, 2005), the trial court found that Squire did not sign the guaranty on May 5, 2005, but did signit prior to his July 2005 bankruptcy filing, the event that ended his membership in SPL. This finding is supported by Squire's testimony, which the trial court chose to believe. As noted above, we do not substitute our judgment for that of the trial court with respect to the credibility of witnesses. McCoy v. AFTI Properties, Franklin App. No. 07AP-713, 2008-Ohio-2304, ¶ 9, discretionary appeal not allowed,119 Ohio St.3d 1502, 2008-Ohio-5467, 895 N.E.2d 565.
 {¶ 14} In any case, the date upon which the guaranty was signed goes to the issue whether Squire had actual authority to sign it. However, the trial court also found that Squire had apparent authority to sign the guaranty on behalf of SPL. SPL has not appealed that finding. For this reason, we need not pass upon any assignments of error dealing with actual authority, because SPL has not appealed the second, independent reason that the trial court ruled the guaranty is enforceable. SeeHager v. Waste *Page 7 Technologies Industries, Columbiana App. No. 2000-CO-45, 2002-Ohio-3466, ¶ 103, discretionary appeal not allowed, 97 Ohio St.3d 1424,2002-Ohio-5820, 777 N.E.2d 278.
 {¶ 15} For both of the aforementioned reasons, SPL's first assignment of error is overruled.
 {¶ 16} SPL's remaining assignments of error are also directed only at the trial court's conclusion that Squire had actual authority to bind SPL. As explained above, we need not reach these assignments because there exists an independent and unchallenged basis upon which the trial court ruled the guaranty enforceable. See Hager, supra. Accordingly, SPL's second, third, fourth, and fifth assignments of error are overruled as moot.
 {¶ 17} Having overruled all of SPL's assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BROWN and TYACK, JJ., concur.
[1] Brief of SPL, 8. *Page 1