[Cite as *Porterfield v. Bruner Land Co., Inc.*, 2017-Ohio-9045.]

STATE OF OHIO, HARRISON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| BRIAN G. PORTERFIELD et al., | ) | CASE NO. 16 HA 0019 |
| | ) | |
| PLAINTIFFS-APPELLANTS, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| BRUNER LAND COMPANY, INC., | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |

CHARACTER OF PROCEEDINGS:          Civil Appeal from the Court of Common
                                   Pleas of Harrison County, Ohio
                                   Case No. CVH-2014-0050

JUDGMENT:                          Affirmed.

APPEARANCES:

For Plaintiffs-Appellants:         Atty. Michael C. Bednar
                                   Atty. Aaron.A. Richardson
                                   Blake, Bednar, Blake & Richardson
                                   4110 Sunset Blvd.
                                   Steubenville, Ohio 43952

For Defendant-Appellee:            Atty. Clay K. Keller
                                   Atty. Andrew N. Schock
                                   Jackson Kelly PLLC
                                   50 South Main St., Suite 201
                                   Akron, Ohio 44308

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:   December 13, 2017

ROBB, P.J.

**{¶1}** Plaintiffs-Appellants Brian and Erin Porterfield appeal the decision of Harrison County Common Pleas Court granting summary judgment for Defendant-Appellee Bruner Land Company, Inc. This is a deed interpretation case. Appellants assert the clause drafted by Appellee did not reserve the oil, gas, and mineral interests for Appellee. Appellee contends it did. For the reasons expressed below, the trial court's grant of summary judgment for Appellee is affirmed.

Statement of the Case

**{¶2}** Consolidation Coal Company sold by limited warranty deed 160.987 acres in Harrison County, Ohio to Appellee in June 1996. The deed was recorded on January 17, 1997. That deed contains the following language, "EXCEPTING all the previously excepted and conveyed coal and mining rights." The deed did not contain any other clause reserving or excepting subterranean rights.

**{¶3}** In February 1997, Appellee executed a general warranty deed to itself dividing the 160 acres into four parcels. (referred to as "Bruner to Bruner deed"). This deed describes each parcel and states, "Excepting and Reserving to the former grantors, their heirs and assigns, all coal, oil, and gas." The deed was recorded on March 7, 1997. Only two of the parcels are at issue in this case – B-1 and B-2.

**{¶4}** Parcel B-2 was sold to Gary and Patricia Cooper on March 31, 1997. That deed contained the clause that was in the Bruner to Bruner deed - "Excepting and Reserving to the former grantors, their heirs and assigns, all coal, oil, and gas." The deed was recorded on April 21, 1997.

**{¶5}** Parcel B-1 was sold to C.T. and Teresa Hill on April 17, 1997. This deed also contained the clause that was in the Bruner to Bruner deed - "Excepting and Reserving to the former grantors, their heirs and assigns, all coal, oil, and gas." The deed was recorded on April 29, 1997.

**{¶6}** Both parcels were sold multiple times and eventually purchased by Appellants; Shane Lind sold Parcel B-1 to Appellants in August 2008, and James and Patricia Modon sold Parcel B-2 to Appellants in September 2013. The deeds in the chain of title contain the above excepting and reserving language.

{¶7} In May 2014, Appellants filed a complaint for quiet title in the Harrison County Common Pleas Court against Appellee. 5/30/14 Complaint. Appellants claimed the gas and oil interests were not reserved by Appellee and were conveyed to every subsequent purchaser. Appellee answered asserting it owned the gas and oil interest. 6/30/14 Answer.

{¶8} The case proceeded through discovery. Both Appellant Brian Porterfield and Doug Bruner, part owner of Appellee, were deposed. Doug Bruner testified the language used in the Bruner to Bruner deed, Bruner to Hill deed, and Bruner to Cooper deed was intended to reserve the coal, oil, and gas interest. He stated he and one of his secretaries drafted the language of the clause. Bruner deposition 14-15, 18, 21. The language used was put in the Bruner to Bruner deed to simplify later conveyances of the parcels; the parcels could be sold without having to draft new language for the conveyance. However, he admitted the Consolidation Coal Company was the former grantor to the Bruner to Bruner deed. Bruner deposition 23.

{¶9} Following discovery, Appellants filed a summary judgment motion. They argued the deeds were plain and unambiguous, and Appellee did not reserve the coal, oil and gas interest. The language used began in the Bruner to Bruner deed and the use of "former grantors" refers to Consolidation Coal Company. However, Consolidation Coal Company was not a party to the transaction and the deed could not transfer or reserve an interest in a third party. Therefore, the clause had no effect and every subsequent recitation of that clause had no effect. Appellants claimed the coal, oil, and gas interest transferred to every subsequent purchaser because there were no other reservation clauses in any of the other deeds in the chain of title. Accordingly, since they are the current owners, the coal, oil and gas interest passed to them. They alternatively argued the clause was ambiguous and the language should be construed against the drafter. They claimed extrinsic evidence should not be used to determine the intent of the language. On that basis, they asked for summary judgment in their favor.

{¶10} Appellee filed a combined response and motion for summary judgment. Appellee argued the language in the Bruner to Bruner deed was ineffective to reserve the interest for Consolidation Coal Company and itself, but it did show an intent to reserve the interest. Regardless, the clause in the subsequent Bruner to Cooper and Bruner to Hill deeds did reserve the interest to Bruner. Therefore, it claimed the language was plain and unambiguous. Alternatively, if the deed was deemed ambiguous, extrinsic evidence indicated it was the intent of the parties for Appellee to reserve the interest. Therefore, it contended summary judgment should be granted in its favor.

{¶11} Appellants filed a response and Appellee filed a reply to the response. 3/28/16 Appellant response; 4/7/16 Appellee reply.

{¶12} The trial court granted summary judgment for Appellee. 9/28/16 J.E. It concluded the language used in the Bruner to Bruner deed did not transfer an interest to Consolidation Coal Company and did not reserve the interest to Appellee. 9/28/16 J.E. However, when that same language was used in the Bruner to Cooper and Bruner to Hill deeds the language reserved the interest for Appellee because Appellee was the "former grantor" in the Bruner to Bruner transfer and a party to the transfer in the Bruner to Hill and Bruner to Cooper transfers. 9/28/16 J.E.

{¶13} Appellants timely appealed the trial court's decision.

Standard of Review

{¶14} An appellate court reviews the granting of summary judgment de novo; we apply the same test as the trial court. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. A trial court may grant summary judgment only when (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. Civ.R. 56(C).

{¶15} This case involves the interpretation of a clause in a deed, which means it is guided by contract construction rules. In the case of contracts, deeds, or other written instruments, the construction of the writing is a matter of law, which is reviewed de novo. *Long Beach Assn., Inc. v. Jones*, 82 Ohio St.3d 574, 576, 697

N.E.2d 208 (1998). Under a de novo review, an appellate court may interpret the language of the contract substituting its interpretation for that of the trial court. *Witte v. Protek Ltd.*, 5th Dist. No. 2009CA00230, 2010-Ohio-1193, ¶ 6, citing *Children's Medical Center v. Ward*, 87 Ohio App.3d 504, 622 N.E.2d 692 (2d Dist.1993).

{¶16} Written instruments "are to be interpreted so as to carry out the intent of the parties, as that intent is evidenced by the contractual language." *Skivolocki v. East Ohio Gas Co.*, 38 Ohio St.2d 244, 313 N.E.2d 374 (1974), paragraph one of the syllabus. "When construing a deed, a court must examine the language contained within the deed, the question being not what the parties meant to say, but the meaning of what they did say, as courts cannot put words into an instrument which the parties themselves failed to do." *Johnson v. Consol. Coal Co.*, 7th Dist. No. 13 BE 3, 2015-Ohio-2246, ¶ 15 quoting, *McCoy v. AFTI Properties, Inc.*, 10th Dist. No. 07AP–713, 2008–Ohio–2304, ¶ 8. If the terms of the written instrument are clear and unambiguous, courts must give the words their plain and ordinary meaning and may not create a new contract by finding the parties intended something not set out in the contract. *Alexander v. Buckeye Pipe Line*, 53 Ohio St.2d 241, 246, 374 N.E.2d 146 (1978).

{¶17} However, when the plain language of the written instruments is ambiguous, then a court can look to parol evidence to resolve the ambiguity and ascertain the parties' intent. *Illinois Controls, Inc. v. Langham*, 70 Ohio St.3d 512, 521, 639 N.E.2d 771 (1994); *City of Steubenville v. Jefferson Cty.*, 7th Dist. No. 07JE51, 2008-Ohio-5053, ¶ 22. This is a primary rule of contract construction. *Envision Waste Services, LLC v. Cty. of Medina*, 9th Dist. Nos. 15CA0104M and 15CA0105-M, 2017-Ohio-351, ¶ 15, quoting *Michael A. Gerard, Inc. v. Haffke*, 8th Dist. No. 98488, 2013-Ohio-168, ¶ 14.

{¶18} Terms in a contract are ambiguous if their meanings cannot be determined from reading the entire contract, or if they are reasonably susceptible to multiple interpretations. *First Natl. Bank of Pennsylvania v. Nader*, 9th Dist. No. 16CA0004-M, 2017-Ohio-1482, ¶ 25. Parol evidence is used only to interpret the terms, and not to contradict the terms. *Id.*, citing *Blosser v. Enderlin*, 113 Ohio St.

121, 134, 148 N.E. 393 (1925). "The decision as to whether a contract is ambiguous and thus requires extrinsic evidence to ascertain its meaning is one of law." *Nader*, quoting *Ohio Historical Soc. v. Gen. Maintenance and Eng. Co.*, 65 Ohio App.3d 139, 146, 583 N.E.2d 340 (10th Dist.1989).

{¶19} If parol evidence fails to clarify the meaning of the contract, then the contract is strictly construed against the drafter; interpreting the written instrument against the drafter is a secondary rule of contract construction. *Envision Waste Services; Cadle v. D'Amico,* 2016-Ohio-4747, 66 N.E.3d 1184, ¶ 33 (7th Dist.) ("Construing a contract against the drafter is a secondary rule of contract construction, and is applicable when the primary rules of contract construction * * * fail to clarify the meaning of the contract."). "Where that ambiguity is coupled with a material issue of fact supported by proper evidentiary materials, summary judgment is improper." *Envision Waste Services*, quoting *Town & Country Co–op, Inc. v. Sabol Farms, Inc.*, 9th Dist. No. 11CA0014, 2012-Ohio-4874, ¶ 15.

{¶20} With those principles in mind, we address the assigned errors.

<u>First Assignment of Error</u>

"The trial court erred in denying Appellants' motion for summary judgment quieting title in the oil and gas underlying the subject premises in Appellants based on an invalid reservation in the Bruner to Bruner deed."

{¶21} The deeds to parcels B-1 and B-2 contain the following clause, "Excepting and Reserving to the former grantors, their heirs and assigns, all coal, oil, and gas." Both parties begin their arguments by asserting the clause is unambiguous. The parties agree the clause at issue was first used in the Bruner to Bruner deed and was included in all subsequent deeds, including Appellants' deeds. Both parties also agree this language did not and could not create a reservation for Consolidation Coal Company, who was the "former" grantor. Their respective arguments diverge at this point.

{¶22} Appellants argue the Bruner to Bruner deed could not reserve interest to Appellee because it is not the former grantor. Therefore, the entire reservation

fails and there is no reservation by Appellee. Accordingly, every subsequent deed containing that language also fails to reserve the interest.

{¶23} Appellee disagrees. They contend that while the reservation did not create a reservation for Consolidation Coal Company, the reservation shows a clear intent to reserve the interest for itself. Regardless, it asserts this assignment of error has no practical effect on the outcome because the same language was used in the Bruner to Cooper and Bruner to Hill deeds, which when taken in conjunction with the Bruner to Bruner deed, creates a reservation by Appellee.

{¶24} At the outset, it is noted the trial court did not base its summary judgment ruling solely on the Bruner to Bruner deed. Its decision was based on the Bruner to Hill and Bruner to Cooper deeds read in conjunction with the Bruner to Bruner deed. Therefore, the trial court did not find the Bruner to Bruner deed reserved the coal, oil and gas interest for Appellee.

{¶25} Both parties are correct that the clause did not create a reservation for Consolidation Coal Company. As stated above, the language "Excepting and Reserving to the former grantors, their heirs and assigns, all coal, oil, and gas" first appeared in the Bruner to Bruner deed. The plain language of that exception/reservation would lead to the conclusion that a grantor prior to Appellee reserved all the coal, oil, and gas interest. However, when examining the chain of title, that is not the case. In the Consolidation Coal Company to Bruner deed the clause concerning subsurface interests stated, "EXCEPTING all the previous excepted and conveyed coal and mining rights." There was no reservation or exception for oil and gas and the unreserved coal interest; Consolidation Coal Company did not reserve or except any interest that was not previously reserved or excepted. Thus, the "former grantors" language in the Bruner to Bruner deed was not referring to Consolidation Coal Company reserving or excepting these additional interests.

{¶26} Furthermore, the Ninth Appellate District has stated, "A reservation or exception in a deed cannot serve to vest title in a stranger to the deed." *Lighthorse v. Clinefelter*, 36 Ohio App.3d 204, 521 N.E.2d 1146, paragraph four of the syllabus (9th

Dist.1987); see also *In re Allen*, 415 B.R. 310, 318–19 (Bankr. N.D. Ohio 2009) (explaining Ninth Appellate district adopted the common law rule). Therefore, the Bruner to Bruner deed could not grant the Consolidation Coal Company a reservation in the oil and gas and unreserved coal because it was not a party to the Bruner to Bruner deed.

**{¶27}** Likewise, the language in the Bruner to Bruner deed did not reserve the unreserved coal, oil, and gas interest for Appellee. The clear language of that clause does not show Appellee intended to reserve the coal, oil and gas interest. Rather, the language "former grantors," is a notification of a previous reservation in the chain of title; it is not a reference to itself. If Appellee intended to reserve the interest in the Bruner to Bruner deed, then it would have stated, for example, Bruner Land Company reserves and excepts all oil and gas interests and any unreserved coal interests.

**{¶28}** Appellants' conclusion that the clause in the Bruner to Bruner deed fails in its entirety is not correct. As aforementioned, the Consolidation Coal Company to Bruner deed indicated any previously conveyed or reserved coal and mining rights were excluded from the conveyance. The clause in the Bruner to Bruner deed, at least as to previously conveyed or reserved coal rights, indicates those rights have been reserved or excepted by a former grantor or former grantors.

**{¶29}** Consequently, Appellee did not reserve the unreserved coal, oil and gas interest in the Bruner to Bruner deed for itself. That deed also did not reserve these interests for Consolidation Coal Company. That said, Appellee is correct; this determination has no practical effect on the outcome of the case because the trial court's summary judgment ruling was not a determination Appellee reserved the interest in the Bruner to Bruner deed. Therefore, while Appellants are correct on this proposition, it does not have a bearing on the outcome.

<u>Second Assignment of Error</u>

"The trial court erred in determining that Appellee successfully reserved the oil and gas underlying the subject premises as the 'former grantors' in the Bruner to Cooper and the Bruner to Hill deeds."

**{¶30}** In granting summary judgment to Appellee, the trial court relied on the Bruner to Hill and Bruner to Cooper deeds. It reasoned:

> In both the Bruner to Hill and the Bruner to Cooper deeds the same language "excepting and reserving to the former grantors, their heirs and assigns, all coal and gas" is used for the reservation.

> Applying the Plaintiffs [Appellants] logic the transfer from Bruner to Hill and Bruner to Cooper would be sufficient to create a severance of the coal, oil and gas rights as Bruner would be both the "former grantor" in the Bruner to Bruner transfer and a party to the transfer in the Bruner to Hill and Bruner to Cooper transfers.

9/28/16 J.E.

**{¶31}** Appellants argue this logic is flawed for multiple reasons. Appellants argue the Bruner to Cooper and Bruner to Hill deeds did not create a reservation for Appellee because the language "former grantors" is ineffective to create a new reservation. Furthermore, the deeds do not refer to who the former grantors were. The language should have stated current grantor if Appellee intended to reserve the interest. Also, the word "grantors" is plural, but Appellee is a singular company. Thus, the word grantors could not be a reservation for Appellee. Appellants claim that only when extrinsic evidence, and the chain of title is examined, can it be determined that Bruner is one of the former grantors. They assert extrinsic evidence cannot be used because the language is unambiguous.

**{¶32}** Appellee disagrees with Appellants argument. Appellee agrees with the trial court's reasoning. Appellee argues the use of "former grantors" does not negate the intent to reserve the oil, gas, and coal interest. It also argues the phrase "former grantors" has two meanings. One is former grantors in the chain of title. The other is the grantor mentioned earlier in the deed, such as former as opposed to later when referring to two grantors in one deed. Regardless of what interpretation is used, Appellee contends it is both.

**{¶33}** Appellee is correct that "former grantors" can have two meanings when the phrase is considered in isolation. However, in interpreting deeds we do not consider the phrase in isolation, we consider it in context. *First Natl. Bank of Pennsylvania*, 2017-Ohio-1482, ¶ 25 (Terms in a contract are ambiguous if their meanings cannot be determined from reading the entire contract.) In the Bruner to Hill and Bruner to Cooper deeds, and even in the Bruner to Bruner deed, there is only one grantor. Thus, use of "former" to refer to one grantor as opposed to another is not needed and does not make sense in this situation. Thus, in this instance former grantors refer to grantors in previous transactions in the chain of title.

**{¶34}** As to plural versus singular use of grantor, despite Appellants insistence to the contrary, the plural use of grantors in this situation is correct when the chain of title is considered. As discussed above, the Consolidation Coal Company to Bruner deed indicated the conveyance did not include any previously conveyed or excepted coal and mining rights. Thus, use of the plural is appropriate because it not only refers to Bruner who is the former grantor in the Bruner to Hill and Bruner to Cooper deeds, but any former grantor who conveyed or excepted coal and mining rights.

**{¶35}** Given that grammatically "former grantors" could include Appellee, the trial court's analysis of the plain language used in the Bruner to Hill and Bruner to Cooper deeds is correct. Those deeds reserved and excepted all coal, oil and gas in the former grantors. Appellee is a former grantor and therefore any coal, oil, and gas interests that were not reserved or conveyed were reserved to it. The coal and mining rights that were previously conveyed and excepted were reserved to that grantor or grantors.

**{¶36}** Admittedly, when the language, reserving and excepting to the former grantors was used in the Bruner to Bruner deed, the effect was Appellee did not reserve or except any interest to itself. The Bruner to Bruner deed, at the most, notified purchasers and title holders of previously excepted and conveyed coal and mining rights. However, when the language in the Bruner to Bruner deed was restated in the Bruner to Hill and Bruner to Cooper deeds it created a new

reservation - a reservation for Appellee.  Thus, given the chain of title and the plain meaning of the words, Appellee did reserve any coal, oil and gas interest that was not previously conveyed or excepted.

**{¶37}** This court concludes the Bruner to Hill and Bruner to Cooper deeds, taken in conjunction with the Bruner to Bruner deed, indicate Appellee reserved the oil and gas interest and any unreserved coal interest.  This assignment of error has no merit.

<u>Third Assignment of Error</u>

"The trial court improperly considered extrinsic evidence by deciding a disputed issue of fact when it granted Appellee's motion for summary judgment."

**{¶38}** This assignment of error is an alternative to the above two assignments.  Appellants contend the trial court considered extrinsic evidence and the chain of title to determine Appellee was a former grantor.  Appellants assert the term "former grantors" is ambiguous and while extrinsic evidence could be considered when a term is ambiguous, it was for the jury to decide if Appellee was one of the "former grantors."

**{¶39}** As stated above, "former grantors" may have different meanings; however, when read in the context of the deed, it clearly is a reference to grantors in previous transactions in the chain of title.  To determine who the former grantors are, one does have to look in the chain of title.  However, looking through the chain of title is not looking at extrinsic evidence because the use of the words "former grantors" incorporates by reference the prior deeds.  Ohio contract law recognizes the doctrine of incorporation by reference. *Volovetz v. Tremco Barrier Sols., Inc.*, 2016-Ohio-7707, 74 N.E.3d 743, ¶ 26 (10th Dist.).  When a document is incorporated into a contract by reference, that document becomes part of the contract.  *Id.*  Therefore, the instruments must be read and construed together.  *Key Bank Natl. Assn. v. Columbus Campus, L.L.C.*, 2013-Ohio-1243, 988 N.E.2d 32, ¶ 24 (10th Dist.).

**{¶40}** Consequently, this assignment of error is meritless.

<u>Conclusion</u>

**{¶41}** The trial court's reasoning and grant of summary judgment for Appellee is correct.  The decision is hereby affirmed.


Donofrio, J.,concurs.

DeGenaro, J., concurs.