[Cite as *Richards v. Hillgas*, 2020-Ohio-4717.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
HARRISON COUNTY

VIKKI RICHARDS ET AL.,

Plaintiffs-Appellees,

v.

RALPH EUGENE HILLGAS ET AL., LOWER VALLEY FARM LLC.,

ERIC PETROLEUM CORPORATION,

Defendants-Appellants.

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 HA 0008**

Civil Appeal from the
Court of Common Pleas of Harrison County, Ohio
Case No. CVH-2011-0105

**BEFORE:**
Gene Donofrio, Carol Ann Robb, David A. D'Apolito, Judges.

**JUDGMENT:**
Appeal Affirmed/Cross Appeal Reversed

*Atty. Peter Lusenhop, Atty. Ilya Batikov*, Vorys, Sater, Seymour and Pease LLP., 52 East Gay Street, Columbus, Ohio 43216, for Plaintiffs-Appellees/Cross Appellees, (Vikki Richards et al.) and

*Atty. Mark Beetham*, 146 South Main Street, Cadiz, Ohio 43907, for Defendants-Appellees, (Ralph Eugene Hilligas et al.) and

*Atty. David Butz, Atty. Gregory Watts, Atty. Matthew Onest,* Krugliak, Wilkins, Griffiths & Dougherty, 4775 Munson Street, NW, Canton, Ohio 44735, for Plaintiff/Defendant-Intervenor-Appellant, (Lower Valley Farm, LLC.) and

*Atty. Thomas Hill,* 6075 Silica Road, Suite A, Austintown, Ohio 44515, for Defendant-Intervenor/Counter & Cross-Claimant-Cross-Appellant, (Eric Petroleum Corporation).

Dated:
September 30, 2020

**Donofrio, J.**

{¶1}     Defendant-appellant, Lower Valley Farm, LLC (LVF), appeals the judgment of the Harrison County Common Pleas Court granting summary judgment in favor of plaintiffs-cross-defendants-appellees, Vikki Richards and Timothy Maloney. Defendant-cross-appellant, Eric Petroleum Corporation (EPC), cross-appeals the same award of summary judgment in favor of Richards and Maloney.

{¶2}     This case concerns the oil and gas rights to approximately 300 acres of real property in Shortcreek and Green Townships in Harrison County, Ohio (the property). The property is divided into seven tracts (Tracts One through Seven respectively) with different parties contending that they own the associated oil and gas rights with the different tracts. The oil and gas rights to four of the tracts (Tracts One, Three, Four, and Five) are at issue in this appeal. LVF and Richards and Maloney dispute the ownership of the oil and gas rights to Tracts One and Three while EPC claims ownership of the oil and gas rights to Tract Five and the majority of Tract Four. The oil and gas rights to the other three tracts (Tracts Two, Six, and Seven) have been resolved and no party challenges their resolution on appeal.

{¶3}     Several of the relevant facts to this appeal have been previously set forth in this court's decision in *Richards v. Hilligas*, 7th Dist. Harrison No. 14 HA 0002, 2017-Ohio-4277.

Case No. 19 HA 0008

On February 1, 1923, George A. and Lorain Hilligas conveyed the surface rights to property located in Shortcreek Township, Harrison County to Kehota Mining Co. * * * The Hilligases reserved the mineral interests in the land through the following language:

EXCEPTING AND RESERVING unto said Grantors, the heirs and assigns, all the oil and gas within and under said above described premises with the right of removing same, together with all rights and privileges necessary for drilling and operating on said premises for the purpose of removing and marketing said oil and gas.

(2/1/1923 Deed.) The deed was recorded on May 29, 1923. Sometime thereafter, Lorain Hilligas died and her one-half interest transferred as follows: one-third to her surviving husband, George; one-third to her son, Paul Hilligas; and one-third to her daughter, Agnes Newberry.

On August 31, 1967, Paul died. His interest was transferred to his surviving spouse, Co–Appellee Wilma Matusik. Agnes died sometime thereafter and her interest was transferred to her husband, Gene A. Newberry. On Gene's death, the interest was transferred to the Hilligas heirs: Jill D. Dickerson, Kay J. Schlafer, Beth Newberry Backus, Church Builders Plus, Inc., Anderson University, Church of God Ministries, Inc., and Park Place Church of God, Inc. Each heir except for the religious institutions received a one-eighth interest. The various religious institutions split a one-eighth interest.

On July 25, 2001, Edward L. Seleski obtained the surface rights to the property. This deed was recorded on August 20, 2001. On August 6, 2001, the Estate of Edward Seleski transferred the surface rights to Michael H. and Cheryl A. Wilt. Their deed was recorded on August 20, 2001. On December 11, 2001, the Estate of Edward Seleski recorded a deed which transferred a one-half interest in the minerals to a group of Seleski heirs. On the same date, the estate conveyed a one-half interest to the remaining Seleski heirs in a separate deed. The Wilts later conveyed the property to

Co–Appellees Richards and Maloney through three separate deeds recorded May 26, 2006, July 20, 2005, and May 24, 2004. The deeds included the Hilligas reservation and an apparent reservation by the Seleski heirs.

On October 19, 2011, Richards and Maloney filed a complaint seeking quiet title or, alternatively, partition against the Hilligas heirs (Ralph Eugene Hilligas, Beth Newberry Backus, Kay Schlafer, and Jill Dickerson). The trial court later ordered Richards and Maloney to add the following Hilligas heirs as codefendants: Wilma Matusik, Church Builders Plus Inc., Anderson University, Church of God Ministries Inc., and Park Place Church of God. On June 14, 2012, Richards and Maloney filed an amended complaint to include these parties as codefendants. On August 16, 2012, the Hilligas heirs filed an answer and a counterclaim. The parties completed discovery.

On August 21, 2013, the Seleski heirs transferred their interests to Lower Valley, an LLC comprised of Seleski heirs. On October 9, 2013, one month before the dispositive motion deadline, Lower Valley filed a motion to intervene pursuant to Civ.R. 24. Lower Valley argued that the Hilligas heirs abandoned their interests pursuant to the 1989 DMA and that those interests vested in Edward Seleski. As such, the LLC is the actual mineral interest holder, because its mineral interests were acquired from the Estate of Edward L. Seleski. After holding a hearing, the trial court denied Lower Valley's motion to intervene.

*Id.* at ¶ 2-6.

{¶4} LVF appealed asserting the trial court erred in denying its motion to intervene. *Id.* at ¶ 9-10. We reversed the trial court's judgment, permitted LVF to intervene, and remanded the matter for further proceedings. *Id.* at ¶ 19.

{¶5} Upon remand, EPC filed a motion to intervene. EPC asserted that it owned certain oil and gas rights to the property. The trial court granted EPC's motion and EPC was permitted to intervene.

Case No. 19 HA 0008

**{¶6}** EPC filed an answer to LVF's complaint, an amended answer to LVF's complaint, a counterclaim against LVF, and a cross-claim against Richards and Maloney. EPC asserted that it held an interest in the shallow rights of oil and gas in 118.88 acres of the property through an oil and gas lease with nonparty Bedway Land and Minerals Company (Bedway). LVF asserted that it owned the majority of the oil and gas rights EPC claimed to own while Richards and Maloney asserted that they owned the remainder. Richards and Maloney filed an answer to EPC's cross-claim.

**{¶7}** EPC and LVF eventually settled all claims between them. The trial court memorialized EPC's and LVF's settlement in an agreed judgment entry dated October 3, 2018. The trial court held that EPC had the superior claim to ownership of the oil and gas rights disputed by EPC and LVF. Per EPC's lease with Bedway, EPC was only entitled to the shallow rights. This judgment entry did not settle the dispute between EPC and Richards and Maloney or the dispute between Richards and Maloney and LVF. The trial court incorporated an exhibit into this judgment entry identified as Exhibit A. Exhibit A is a survey of the property completed by David Bodo dated June 22, 2018 (the Bodo Map).

**{¶8}** On January 23, 2019, the trial court issued another agreed upon judgment entry. This judgment entry settled the claims between Richards and Maloney and EPC. The trial court held that EPC had the superior claim to ownership of the oil and gas rights disputed between EPC and Richards and Maloney. This judgment entry and the October 3, 2018 judgment entry quieted title to the shallow oil and gas rights in 118.88 acres in favor of EPC subject to a reversionary interest in Bedway. The trial court incorporated two exhibits into this judgment entry. Exhibit A is the Bodo Map. Exhibit B is a map of the property divided into the previously referenced Tracts One through Seven (the Tract Map).

**{¶9}** To summarize, after the January 23, 2019 judgment entry, EPC held the shallow rights to the oil and gas of Tract Five and all but the northern tip of Tract Four as depicted in the Tract Map. EPC's interest was subject to a reversionary interest in Bedway.

**{¶10}** All claims relating to the Hilligas heirs have been resolved in their favor. No party has appealed any decision involving the Hilligas heirs. Thus, after the January

23, 2019 agreed judgment entry, the only issue remaining was ownership of oil and gas rights to Tracts One and Three.

{¶11}   Richards and Maloney filed their motion for summary judgment against LVF.  Richards and Maloney argued that LVF had no claim to any of the oil and gas rights to the property because the Estate of Edward Seleski (the Estate) transferred all interests it had in the property to Michael and Cheryl Wilt (the Estate to Wilts deed).  As Richards and Maloney obtained their interest in the property from the Wilts, they argued that there was no genuine issue of material fact that LVF had no valid claim to the property's oil and gas rights.

{¶12}   LVF filed a response to Richards' and Maloney's motion for summary judgment.  With respect to Tract One, LVF argued it reserved the oil and gas rights and those rights did not transfer to the Wilts.  With respect to Tract Three, LVF argued that these rights were originally owned by the Heils.  The Heils then transferred their rights to Consolidation Coal Company who then transferred all of its rights to LVF.  As such, LVF argued that it owned the rights to Tract Three.

{¶13}   Richards and Maloney filed a response in support of their motion for summary judgment.  With respect to Tract One, they reargued that the Estate to Wilts deed transferred all interests in Tract One to the Wilts and then the Wilts subsequently transferred all of their interests to Richards and Maloney.  With respect to Tract Three, Richards and Maloney argued that there was a genuine issue of material fact as to whether the Heils had an interest in Tract Three's oil and gas rights.  Because LVF failed to name any of the Heils' heirs or successors, Richards and Maloney argued the trial court did not have jurisdiction to rule on Tract Three.

{¶14}   Before ruling on Richards' and Maloney's motion for summary judgment, the trial court issued a third agreed upon judgment entry on April 25, 2019.  This judgment entry concerned a motion to enforce a settlement agreement by EPC against LVF and clarified the October 3, 2018 judgment entry.  It quieted title in EPC's favor to the oil and gas rights to all of Tract Five and all but the northern tip of Tract Four as depicted on the Tract Map.

{¶15}   On May 21, 2019, the trial court ruled on Richards' and Maloney's motion for summary judgment.  Relevant to this appeal, the trial court quieted title to the oil and

gas rights for Tracts One, Four, and Five in favor of Richards and Maloney. The trial court also held that the issue of oil and gas rights to Tract Three were not properly before the court as the Heils or their successors were not a party to this action.

**{¶16}** LVF timely filed its appeal on June 20, 2019 and now raises one assignment of error. EPC timely filed its cross-appeal on June 28, 2019 and also raises one assignment of error.

**{¶17}** LVF's sole assignment of error states:

> THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO APPELLEES ON TRACT 1 AND TRACT 3 BECAUSE THE PLAIN LANGUAGE OF THE ESTATE TO WILT DEED EXCLUDED THE OIL AND GAS RIGHTS FOR THOSE TRACTS.

**{¶18}** LVF argues that the trial court's judgment regarding Tract One is error because the Estate to Wilts deed did not transfer the oil and gas rights of Tract One to the Wilts. As it pertains to Tract Three, LVF argues that the Heils are not a necessary party and, therefore, the trial court should have ruled on the oil and gas rights to this tract.

**{¶19}** An appellate court reviews a summary judgment ruling de novo. *Comer v. Risko*, 106 Ohio St.3d 185, 2005-Ohio-4559, 833 N.E.2d 712, ¶ 8. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper.

**{¶20}** A court may grant summary judgment only when (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. *Mercer v. Halmbacher*, 9th Dist. Summit No. 27799, 2015-Ohio-4167, ¶ 8; Civ.R. 56(C). The initial burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). If the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts to show that there is a genuine issue of material fact. *Id.*; Civ.R. 56(E). "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346, 617 N.E.2d 1129 (1993).

**{¶21}** As it pertains to Tract One, the issue raised by LVF is one of deed interpretation. Deed interpretations are also subject to a de novo standard of review. *Talbot v. Ward*, 7th Dist. Monroe No. 15 MO 0001, 2017-Ohio-9213, ¶ 54 citing *Saunders v. Mortenson*, 101 Ohio St.3d 86, 801 N.E.2d 452, 2004-Ohio-24.

**{¶22}** Written instruments "are to be interpreted so as to carry out the intent of the parties, as that intent is evidenced by the contractual language." *Skivolocki v. East Ohio Gas Co.*, 38 Ohio St.2d 244, 313 N.E.2d 374 (1974), paragraph one of the syllabus. "The principles of deed construction dictate that a court presumes that a deed expresses the intentions of the grantor and grantee at the time of execution. * * * A court cannot interpret the parties' intent in a manner contrary to the clear, unambiguous language of the deed." *American Energy Corp. v. Datkuliak*, 174 Ohio App.3d 398, 2007-Ohio-7199, 882 N.E.2d 463, ¶ 50 (7th Dist.). When determining the grantor's intent, a court must analyze the language used in the deed, "the question being not what the parties meant to say, but the meaning of what they did say, as courts cannot put words into an instrument which the parties themselves failed to do." *Id.*, quoting *Larwill v. Farrelly*, 8 Ohio App. 356, 360 (5th Dist.1918).

**{¶23}** There are two deeds at issue in this assignment of error as they pertain to Tract One. The first is the Consolidation Coal to Estate deed dated July 25, 2001. LVF and Richards and Maloney agree that in this deed, Consolidation Coal transferred all interests it had in the property, including oil and gas interests, to the Estate. The interests in the Consolidation Coal to Estate deed are in Tract One. Thus, as of July 25, 2001, the Estate owned the oil and gas rights to Tract One.

**{¶24}** The dispute in this assignment of error concerns the second deed, the Estate to Wilts deed dated August 6, 2001. In short, as it pertains to Tract One, if the Estate to Wilts deed transferred Tract One's oil and gas rights to the Wilts, then Richards and Maloney hold the oil and gas rights to Tract One. If the Estate to Wilts deed did not transfer said interest, then LVF holds the oil and gas rights to Tract One.

**{¶25}** The Estate to Wilts deed begins:

> JOHN A. SELESKI, Executor of the Will of the Estate of Edward L. Seleski, deceased, Harrison County Probate Court Case #99-ES-033, for valuable consideration paid, grants with fiduciary covenants, to MICHAEL H. WILT

and CHERLY A. WILT, husband and wife, for their joint lives, remainder to the survivor of them, whose tax mailing address is 80020 Unionvale-Kenwood Road, Adena, Ohio, 43901, the following real property:

(Affidavit of V. Richards Ex. D).

{¶26} The deed then goes on to describe two tracts of land using metes and bounds. The deed then specifies all rights in the property the grantor relinquishes. Finally, the deed specifies that the property is subject to the following:

As additional consideration for the execution and delivery of this deed, Consolidation Coal Company hereby reserves royalties in an amount equal to $2.50 per ton or 10% of the gross selling price, whichever amount is greater, for all coal previously owned, excepted or thereafter acquired by Consolidation Coal Company, that may hereafter be mined and removed from the above described premises by any mining method, whether now known and practice or hereafter known and practiced. This covenant shall run with the land.

Said premises are SUBJECT, to a Deed of Easement granted to the Ohio Power Company dated November 10, 1953 and recorded in Volume 134, Page 487, Harrison County Deed Records.

SUBJECT TO all the easements, rights of way, roadways, highways, rights, reservations and exceptions of record, including but not limited to those in the instruments noted as prior instrument references herein.

SUBJECT TO the terms, conditions, restrictions, exceptions and reservations in favor of Consolidation Coal Co. in the instrument recorded in Official Record Volume __ Page __, Records of Harrison Co, Ohio.

It is the purpose and intent of the Grantor to sell, bargain and convey to the Grantees herein all its right, title and interest in and to the subject premises which it owns by virtue of instruments recorded in Deed Volume 149 Page 356 and Deed Volume 148 page 417, and Deed Volume 1611 Page 682,

Records of Harrison Co., Ohio, TOGETHER WITH certain rights acquired by the Grantor by instrument recorded in Official Record Volume __ Page __, Records of Harrison Co., Ohio. The rights conveyed to the Grantor herein in the instrument in Official Record Volume __ Page __ and being conveyed in this instrument are only those pertaining to the surface of the subject premises. All other rights not pertaining to the surface mining and acquired by the Grantor in the instrument recorded in Official Record Volume __ Page __ are specifically excepted and reserved to the Grantor, its successors, assigns and beneficiaries. The purpose and intent of this transfer is to permit the usage of the surface for mining related purposes only with the consent of the Grantees herein.

However, it is the intent of the grantor to convey all coal, minerals and mining rights to the premises that Edward L. Seleski owned at the time of his death.

(Affidavit of V. Richards Ex. D).

**{¶27}** LVF argues that this court has already held that the Estate to Wilts deed did not transfer any interest the Estate obtained from the Consolidation Coal to Estate deed in *Lower Valley Farm, LLC v. Croskey*, 7th Dist. Harrison No. 16 HA 0010, 2018-Ohio-814. But this court did not analyze the Estate to Wilts deed or the Consolidation Coal to Estate deed in *Croskey*. There were only two issues this court addressed in *Croskey*. The first was whether the trial court erred in applying the 1989 Dormant Mineral Act in light of *Corban v. Chesapeake Expl., L.L.C.*, 149 Ohio St.3d 512, 2016-Ohio-5796, 76 N.E.3d 1089. *Croskey* at ¶ 18. The second issue was whether this court needed to remand the matter to the trial court. *Id.* at ¶ 25.

**{¶28}** LVF first argues that the Estate to Wilts deed sufficiently incorporated the Consolidation Coal to Estate deed and cites *Porterfield v. Bruner Land Co., Inc.*, 7th Dist. Harrison No. 16 HA 0019, 2017-Ohio-9045. It argues that with all prior deeds incorporated into the Estate to Wilts deed under *Porterfield*, reading the two deeds together, the Estate to Wilts deed did not convey the oil and gas rights in Tract One.

— 11 —

**{¶29}** *Porterfield* is distinguishable. In *Porterfield*, this court held that the language "Excepting and Reserving to the former grantors, their heirs and assigns, all coal, oil, and gas," when used in the context of a deed, is sufficient to incorporate all prior deeds. *Id.* at ¶ 39. The key to incorporating all prior deeds is the phrase "former grantors." *Id.* But the phrase "former grantors" is not in the Estate to Wilts deed.

**{¶30}** LVF's second argument regarding Tract One relies on the line "[h]owever, it is the intent of the grantor to convey all coal, minerals and mining rights to the premises that Edward L. Seleski owned at the time of his death[,]" in the Estate to Wilts deed. LVF contends that because the Estate obtained the oil and gas rights to Tract One, Edward Seleski did not own the oil and gas rights to Tract One at the time of his death. Therefore, LVF argues that the Estate did not transfer the oil and gas rights in Tract One to the Wilts.

**{¶31}** "Whether the language used in a deed creates a reservation or exception from the grant depends upon the intention of the parties as evinced by a construction of the whole instrument in the light of the circumstances of each case." *Rubel v. Johnson*, 7th Dist. Monroe No. 17 MO 0009, 2017-Ohio-9221, ¶ 21 quoting *Gill v. Fletcher*, 74 Ohio St. 295, 78 N.E. 433 (1906). In this case, the Estate to Wilts deed clearly intended to convey the surface. But there is no specific exception or reservation language regarding the oil and gas rights to Tract One.

**{¶32}** Oil and gas rights must be excepted or reserved in a title transaction otherwise those rights transfer with the surface. *Porterfield* at ¶ 27. Based on the above, the trial court's judgment regarding Tract One was proper because the Estate to Wilts deed does not contain a sufficient exception or reservation of Tract One's oil and gas rights in favor of the Estate. Therefore, those rights transferred to the Wilts and the Wilts subsequently transferred those rights to Richards and Maloney.

**{¶33}** Next, LVF takes issue with the trial court refraining from ruling on the oil and gas rights of Tract Three. The trial court held that the issue of Tract Three's oil and gas rights was not properly before it because the Heils were not party to this action. LVF contends that the quiet title statute at R.C. 5303.01 only requires a person claiming ownership in real property to bring an action against "any person" claiming an adverse interest in said real property and they satisfied this statute by naming Richards and

Maloney.  Therefore, LVF argues that the Heils or their successors were not necessary to this action.

**{¶34}**   All parties agree that the Heils have an interest in Tract Three but dispute what the interest includes.  LVF contends that the Heils or their successors only have an interest in the coal of Tract Three.  Richards and Maloney contend that the Heils or their successors may have an interest in all of the minerals to Tract Three, including the oil and gas.

**{¶35}**   The Heils' interest in the property is found in a warranty deed from Lawrence T. and Myrtle M. Heil to The Harrison County Investment Company dated July 1, 1937 (the Heil deed).  The property in this deed is separated into two tracts, both tracts described using metes and bounds.  LVF asserts that the first tract described in this deed is Tract Three in this action.  As it pertains to Tract Three, this deed states, in relevant part:

> EXCEPTING a certain tract of land deeded by the Kehota Mining Company to Howard H. Lamborn, et al, dated April [13 or 18], 1930, and recorded in Harrison County Deed Record No. 93, Page 153, described as follows:
>
> * * *
>
> EXCEPTING AND RESERVING FROM said lands all of the coal contained in same together with the necessary mining rights, to mine and remove such coal.  And it is hereby stipulated that if the said Grantees, their heirs and assigns, shall ever drill or have drilled any part of said tract of land for oil or gas, all drilling operations for such oil or gas shall be conducted in such a manner as not to interfere with the mining or removal of the coal contained in said parcel of land.

(Aff. of I. Batikov Ex. A).

**{¶36}**   The Heil deed then describes the second tract of land using metes and bounds and there is one exception to the second tract of all the coal in favor of the Heils.  The Heil deed then states "ALSO EXCEPTING AND RESERVING from said two tracts and from this grant all the oil and gas contained in said land, together with the rights, all

Case No. 19 HA 0008

and singular, to test, drill, operate, remove, and market such minerals." (Aff. of I. Batikov Ex. A).

**{¶37}** In addition to a quiet title action, LVF's complaint sought declaratory judgment that it owned all of the property's oil and gas rights, including Tract Three's. The absence of a necessary party in a declaratory judgment action is a jurisdictional defect, which precludes the trial court from rendering a proper declaratory judgment and cannot be waived. *Tewanger v. Stonebridge Operating Company, LLC*, 7th Dist. Noble No. 17 NO 0456, 2020-Ohio-236, ¶ 37 citing *Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478. Based on the reservation in the Heil deed, there is a genuine issue of material fact as to whether the Heils reserved the oil and gas rights to Tract Three. This makes the Heils or their successor's necessary parties. As such, the trial court refraining from ruling on Tract Three due to the absence of the Heils or their successors was proper.

**{¶38}** In conclusion, the Estate transferred the oil and gas rights to Tract One to the Wilts because there was not a sufficient exception or reservation. Also, the trial court was correct in not ruling on the oil and gas rights to Tract Three because LVF failed to join the Heils or their successors and they are a necessary party to this action.

**{¶39}** Accordingly, LVF's sole assignment of error is without merit and is overruled.

**{¶40}** Turning now to EPC's cross-appeal, its sole cross-assignment of error states:

> THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO VIKKI RICHARDS AND TIMOTHY MALONEY ON LOWER VALLEY'S COMPLAINT TO QUIET TITLE INSOFAR AS THAT JUDGMENT RELATES TO ALL OF TRACT 5 AND MOST OF TRACT 4, WHERE THE MINERAL OWNERSHIP OF THAT ACREAGE HAD PREVIOUSLY BEEN ADJUDICATED BY WAY OF FINAL, AGREED JUDGMENT ENTRIES IN WHICH TITLE TO THE SHALLOW RIGHTS WAS QUIETED IN EPC, SUBJECT TO A REVERSIONARY INTEREST IN BEDWAY, AND OWNERSHIP OF THE DEEP RIGHTS WAS ACKNOWLEDGED TO BE IN BEDWAY. JDMT. ENTRY, 5-21-2019, P. 3.

{¶41}    EPC argues that the trial court erred when it awarded the oil and gas rights to all of Tract Five and most of Tract Four to Richards and Maloney in the May 21, 2019 judgment entry because the previous agreed upon judgment entries from the trial court quieted title to the shallow oil and gas rights in favor of EPC with a reversionary interest in favor of Bedway.  EPC requests that this court modify the May 21, 2019 judgment entry to reflect the rulings of the previous agreed upon judgment entries.

{¶42}    Richards and Maloney do not oppose EPC's assignment of error and have put forth suggestions for how this court should modify the trial court's May 21, 2019 judgment entry.  EPC has responded by slightly modifying Richards' and Maloney's specifications on how this court should modify the May 21, 2019 judgment entry.

{¶43}    LVF has not filed anything regarding the disposition of EPC's cross-assignment of error.

{¶44}    While the parties' specific suggestions vary slightly, what EPC is seeking is to have the trial court's previous rulings on October 3, 2018, January 23, 2019, and April 25, 2019 as they pertain to Tracts Four and Five pursuant to the Tract Map incorporated into the trial court's May 21, 2019 judgment entry.

{¶45}    Based on a review of the trial court's previous judgment entries, EPC has a fee simple determinable, subject to a reversionary interest in favor of Bedway Land and Minerals Company, to the shallow rights of oil and gas in 118.88 acres consisting of the following parcels as depicted on the Bodo Map: all of parcel 17; 68.53 acres, more or less, of parcel 18; 34.92 acres, more or less, of the first tract of parcel 23; and 0.55 acres, more or less, of the second tract of parcel 23.  Bedway Land and Minerals Company has a fee simple to the deep rights in the same parcels where EPC has a fee simple determinable.

{¶46}    This allocation equates to all of Tract Five and all but the northern tip of Tract Four as depicted in the Tract Map of the trial court's previous agreed upon judgment entries.  Because the trial court previously held that all of the oil and gas rights to Tract Five and all but the northern tip of Tract Four vested in EPC and no party challenged those rulings, the trial court's award of the oil and gas rights to Tracts Four and Five to Richards and Maloney is error.  The trial court's May 21, 2019 judgment entry as it pertains to Tracts Four and Five is reversed and the trial court's rulings from October 3,

2018, January 23, 2019, and April 25, 2019 as they pertain to EPC and Tracts Four and Five are reinstated.

**{¶47}** Accordingly, EPC's sole cross-assignment of error has merit and is sustained.

**{¶48}** For the reasons stated above, the trial court's judgment as it pertains to LVF on Tracts One and Three is hereby affirmed. The trial court's judgment in the May 21, 2019 judgment entry as it pertains to Tracts Four and Five is hereby reversed. The trial court's rulings from October 3, 2018, January 23, 2019, and April 25, 2019 as they pertain to EPC and Tracts Four and Five are reinstated.

Robb, J., concurs.

D'Apolito, J., concurs.

Case No. 19 HA 0008

———————————————

For the reasons stated in the Opinion rendered herein, it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Harrison County, Ohio, as it pertains to the Appeal is affirmed. The judgment is reversed as it pertains to the Cross-Appeal. The trial court's previous judgments of October 3, 2018, January 23, 2019, and April 25, 2019 pertaining to EPC and Tracts Four and Five are reinstated. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**