[Cite as *Smith v. Collectors Triangle, Ltd.*, 2020-Ohio-6965.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## HARRISON COUNTY

PATRICIA CAROL SMITH et al.,

Plaintiffs-Appellants,

v.

COLLECTORS TRIANGLE, LTD. et al.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 HA 0010**

---

Appellees' Application for Reconsideration and
Application for En Banc Consideration

**BEFORE:**
Cheryl L. Waite, Gene Donofrio, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Sara E. Fanning*, Roetzel & Andress, LPA, 41 South High Street, Huntington Center, 21st Floor, Columbus, Ohio 43215 and *Atty. Richard S. Mitchell*, Roetzel & Andress, LPA, 1375 East Ninth Street, One Cleveland Center, 10th Floor, Cleveland, Ohio 44114 and *Atty. David J. Wigham* and *Atty. Emily K. Anglewicz*, Roetzel & Andress, LPA, 222 South Main Street, Suite 400, Akron, Ohio 44308, for Plaintiffs-Appellants

*Atty. Andrew P. Lycans* and *Atty. Eric T. Michener*, Critchfield, Critchfield & Johnston, LTD, 225 North Market Street, P. O. Box 599, Wooster, Ohio 44691, for Defendants-Appellees Collectors Triangle, Ltd.

*Atty. Nathan D. Vaughn* and *Atty. Giuseppe Ionno*, Kimble Company, 3596 S.R. 39 NW, Dover, Ohio 44622, for Defendants-Appellees ESK ORI, LLC, GDK ORI, LLC, GWK ORI, LLC, JEM ORI, LLC, KBK ORI, LLC, and RHDK Oil & Gas, LLC.

*Atty. Kevin Colosimo*, *Atty. Christopher Rogers*, and *Atty. Daniel P. Craig*, Frost Brown Todd, LLC, Union Trust Building, 501 Grant street, Suite 800, Pittsburgh, Pennsylvania 15219, for Defendant-Appellee Ascent Resources-Utica, LLC.

Dated: December 31, 2020

---

**PER CURIAM.**

{¶1} Appellees Collectors Triangle, Ltd., Ascent Resources Utica LLC, ESK ORI LLC, GDK ORI LLC, GWK ORI LLC, KBK ORI LLC, JEM ORI LLC, RHDK ORI LLC. (collectively referred to as "Appellees") seek reconsideration of our Opinion in *Smith v. Collectors Triangle, Ltd.*, 7th Dist. Harrison No. 19 HA 0010, 2020-Ohio-4823. Appellees also seek en banc review of our determination that the 2006 General Warranty Deed did not convey all of the rights in the oil and gas royalty interests of Appellants Patricia Carol Smith, Catherine Finney, Agnes Worrell, and Doug Worrell's (collectively referred to as "Appellants"). Appellees contend that this holding conflicts with a case from this Court that was subsequently released, *Richards v. Hilligas,* 7th Dist. Harrison No. 19 HA 0008, 2020-Ohio-4717. For the reasons provided, Appellees' motion for reconsideration and en banc consideration is denied.

{¶2} The standard for reviewing an application for reconsideration pursuant to App.R. 26(A) is whether the application "calls to the attention of the court an obvious error in its decision or raises an issue for consideration that was either not considered at all or

Case No. 19 HA 0010

was not fully considered by the court when it should have been." *Columbus v. Hodge*, 37 Ohio App.3d 68, 523 N.E.2d 515 (10th Dist.1987), paragraph one of the syllabus.

> An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law.

*State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996).

**{¶3}** Pursuant to App.R. 26(A)(2)(a),

> Upon a determination that two or more decisions of the court on which they sit are in conflict, a majority of the en banc court may order that an appeal or other proceeding be considered en banc. The en banc court shall consist of all fulltime judges of the appellate district who have not recused themselves or otherwise been disqualified from the case. Consideration en banc is not favored and will not be ordered unless necessary to secure or maintain uniformity of decisions within the district on an issue that is dispositive in the case in which the application is filed.

**{¶4}** This case presents a complicated factual and procedural history, detailed within our Opinion as follows:

Case No. 19 HA 0010

The instant action involves property that was initially owned by Ross Harris. The property includes two tracts of land: 103.75 acres and 63.7 acres. It appears that this appeal involves only the 63.7 acre tract. On February 2, 1984, Harris entered into an oil and gas lease with Floyd Kimble. Kimble drilled a well referred to as the "Harris Well" which began producing in 1987. In addition to the royalties associated with the well, Kimble agreed to provide the Harris house with free gas.

On January 21, 1988, Harris died intestate and his estate was divided equally between his two children, Catherine Finney and Mildred I. Worrell. According to Appellants, the parties orally agreed that Mildred and her husband, Adrian, would receive the oil and gas royalties from the 63.7 acre tract. It is unclear whether there was any agreement as to the remaining 103.75 acre tract.

On November 24, 1992, Mildred and Adrian conveyed their one-half interest in the property to their three children (Robert, Ross, and Patricia) in equal shares, retaining a life estate in a one-acre residence located on the 63.7 acre property. After these conveyances, Catherine owned a one-half interest in the property, Robert Worrell owned a one-sixth interest, Ross Worrell owned a one-sixth interest, and Patricia Smith owned a one-sixth interest.

Sometime in 1997 a dispute arose between Catherine and the Worrell children regarding who was responsible for the farming and maintenance of

the property. The dispute led to a partition complaint filed on November 26, 1997.

1997 Partition Action

The partition complaint sought a division of the property among Catherine and the Worrell children. The complaint also sought reservation of a life estate in favor of Mildred and Adrian for a one-acre section of the property where their existing house was situated. However, on February 6, 1998, a motion for default judgment was filed against Mildred and Adrian, as they had not filed an answer. The trial court granted this motion and entered default judgment against Mildred and Adrian.

The court ultimately determined that the property could not be fairly divided and ordered a sale of the property. On May 14, 1998, a Sheriff's Deed pertaining to the 63.7 acre tract was executed. Despite the fact that default had been entered against Mildred and Adrian, the deed provided, in relevant part:

EXCEPTING AND RESERVING UNTO Adrian Worrell and Mildred I. Worrell a life estate in the residence situate on the above described premises, being the tract consisting of 63 acres, 2 rods, and 37 perches, an unsurveyed one (1) acre square surrounding the said residence, and ingress to and egress from the said residence for and during the natural lifetimes of Adrian Worrell and Mildred I. Worrell.

Case No. 19 HA 0010

FURTHER EXCEPTING AND RESERVING unto Adrian Worrell and Mildred I. Worrell the right to receive all royalties payable under a certain oil and gas lease and any extension or modification thereof, said lease being recorded in Lease Volume 69, Page 79, Records of Harrison County, Ohio.

FURTHER EXCEPTING AND RESERVING unto Adrian Worrell and Mildred I. Worrell the right to receive such gas as produced by the existing well free of charge for use at their residence.

(6/13/19 Motion to Dismiss, Exh. A.)

The 63.7 acre property was sold to Appellee Collector's Triangle in accordance with the Sheriff's Deed, and the deed was recorded by Appellee.

## 2006 General Warranty Deed

On March 4, 2005, Mildred died. Shortly thereafter, Adrian moved into an assisted living facility. Collector's Triangle approached Patricia Worrell and inquired whether the family would consider terminating Adrian's life estate in the one-acre property. On March 24, 2006, the life estate was terminated through a general warranty deed. In relevant part, the deed stated:

**KNOW ALL MEN BY THESE PRESENTS, Adrian Worrell**, an unmarried person, (the "Grantor"), for valuable consideration paid, grants, with general warranty covenants, to Collector's Triangle, Ltd., an Ohio limited liability

Case No. 19 HA 0010

company, whose tax mailing address is P.O. Box 473, Sugarcreek, Ohio 44681 (the "Grantee"), all of his interest in the real property described on Exhibit A (the "Property"), being an estate for life in the residence located on the Property as set forth in a certain Sheriff's Deed in Partition recorded in Official Record Volume 52, Page 163.

* * *

The Property is conveyed subject to, and there are excepted from the general warranty covenants, the following:

1. All easements, leases, covenants, conditions and restrictions of record

* * *

GRANTOR ALSO CONVEYS TO GRANTEE, ITS SUCCESSORS AND ASSIGNS, ALL OF GRANTOR'S RIGHT TO RECEIVE ROYALTIES AND FREE GAS IN CONNECTION WITH A CERTAIN OIL AND GAS WELL LOCATED ON THE PROPERTY AND DRILLED PURSUANT TO THE LEASE RECORDED IN LEASE VOLUME 69, PAGE 79, IN THE RECORDER'S OFFICE, HARRISON COUNTY, OHIO.

Sometime thereafter, Ascent began horizontal drilling, which resulted in new production. Ascent paid royalties resulting from the new drilling to Collector's Triangle, and not to Appellants, which led to the instant action.

2019 Complaint

Case No. 19 HA 0010

On May 13, 2019, Appellants filed a complaint against Doug Worrell, Agnes Worrell, Collector's Triangle, ESK ORI LLC, GDK ORI LLC, KBK ORI LLC, JEM ORI LLC, RHDK Oil and Gas LLC, and Ascent Resources - Utica LLC. The complaint sought the following: a declaratory judgment that Appellants own the royalty interests at issue and are entitled to receive those royalties; quiet title; breach of contract (solely against Ascent); and conversion and accounting (solely against Ascent.) On June 3, 2010, an answer was filed on behalf of all defendants except Collector's Triangle.

On June 13, 2019, Ascent filed a Civ.R. 12(B)(6) motion to dismiss the complaint in its entirety. In this motion Ascent argued that any claim that the Sheriff's Deed vested certain rights in Mildred and Adrian is barred by *res judicata.* Ascent also argued that Mildred and Adrian were strangers to the Sheriff's Deed, thus the deed could not reserve any interests in their favor. Finally, Ascent argued that Adrian conveyed all of his interests in the property through the 2006 General Warranty Deed. Collector's Triangle filed a motion to join the motion to dismiss.

On June 26, 2019, Appellants filed an amended complaint. The amended complaint contained additional facts surrounding the oral agreement as to a division of royalties between Mildred and Patricia, but did not add any new legal claims.

On August 27, 2019, the trial court granted Ascent's Civ.R. 12(B)(6) motion to dismiss. The court determined that even if the 1998 Sheriff's Deed

properly reserved property and royalty interests in favor of Mildred and Adrian, any claim to those interests was extinguished by the 2006 General Warranty Deed. This timely appeal followed.

*Smith, supra*, ¶ 2-14

**{¶5}** Appellees now argue that we failed to consider there were two alleged oral agreements in this case. According to Appellees, our Opinion addressed only the alleged oral agreement between Patricia Smith and Mildred Worrell, where the parties agreed that Mildred and her husband, Adrian, would receive the oil and gas royalties associated with the property. Appellees contend the record discloses a second oral agreement, between Mildred and Adrian and their children. Appellees explain that Mildred and Adrian conveyed their interests in the property to their children through a 1992 General Warranty Deed. At the time of the conveyance, there was an apparent agreement that Mildred and Adrian would continue to receive the royalty interests even after signing all of their interests in the property to their children. It is this alleged second oral agreement that Appellees believe violates the statute of frauds.

**{¶6}** This matter came to us following a motion to dismiss granted in the trial court, and so, is factually limited. Appellees are correct that it was not clear from the limited record before us there may have been a second oral agreement. Appellants argue that this second agreement was merely a continuation of the first oral agreement. However, Appellees correctly point out that the first agreement was between Patricia and Mildred, but the second agreement was between Mildred and Adrian and their children. Thus, it constitutes a second, separate promise. Even accepting Appellees' contention as true, it does not affect our underlying decision.

Case No. 19 HA 0010

**{¶7}** We remanded the matter to allow the trial court to determine whether the 1998 Sheriff's Deed may be collaterally attacked. The alleged agreement is only pertinent to the remand. It was unclear from the record provided to this Court whether the trial court handling the partition proceedings was alerted to the fact that the deed reserved the royalty interests in favor of Mildred and Adrian. If so, then the 1998 Sheriff's Deed is part of the court's order and cannot be collaterally attacked by this second oral agreement or in any other fashion.

**{¶8}** However, if the trial court finds that the 1998 Sheriff's Deed was not a part of the trial court's order in the partition proceedings, then Appellees would be able to argue that the second oral agreement violates the statute of frauds, and attack the reservations contained within that deed.

**{¶9}** Appellees additionally argue that our Opinion conflicts with a subsequently released case, *Richards, supra*. In *Richards,* we determined that the deed conveying the surface rights to a property did not sufficiently reserve or except the corresponding royalty interests. In accordance with established caselaw, we held that the royalty interests automatically transferred with the surface rights. *Id.* at ¶ 32, citing *Porterfield v. Bruner Land Co., Inc.*, 7th Dist. Harrison No. 16 HA 0019, 2017-Ohio-9045.

**{¶10}** In *Poterfield*, on which *Richards*, *supra*, relies, a limited warranty deed conveyed 160.987 acres of land. *Id.* at ¶ 2. The issue on appeal was whether the language of the deed sufficiently reserved coal, oil, and gas rights. We determined the language reserving these rights in favor of the "former grantors" was insufficient, as those rights had not previously been reserved or excepted in any deed by the former grantor. Due to this, the coal, oil, and gas rights transferred with the surface rights. *Id.* at ¶ 27.

{¶11}  *Richards* and the instant case are clearly distinguishable.  In *Richards* there was a clear intent to transfer the surface, but the deed lacked a specific exception or reservation language regarding the oil and gas rights.  Thus, the royalty interests followed the surface rights just as in *Porterfield.*

{¶12}  Importantly, this matter does not involve a transfer of surface rights.  The sole mention of a surface right conveyed in the 2006 General Warranty Deed involved merely a life estate in a one acre portion of the total 63.7 acres tract, so there were no surface rights granted for the royalty interests to follow.  The intent of the 2006 General Warranty Deed was to convey the one-acre life estate and the royalty interests pertaining to the Harris Well to Collector's Triangle.  Because the instant case is factually distinguishable and does not invoke any facts or the specific holding of *Richards,* the cases are not in conflict and Appellees' motion for en banc consideration pursuant to App.R. 26(A)(2) is denied.

{¶13}  Appellees also argue that our Opinion would operate to create a violation of R.C. 5302.04.  R.C. 5302.04 states:  "In a conveyance of real estate or any interest therein, all rights, easements, privileges, and appurtenances belonging to the granted estate shall be included in the conveyance, unless the contrary is stated in the deed, and it is unnecessary to enumerate or mention them either generally or specifically."

{¶14}  In our Opinion, we held that that the language used in the 2006 General Warranty Deed sufficiently reserved all oil and gas rights beyond the Harris Well royalties.  That language stated:

GRANTOR ALSO CONVEYS TO GRANTEE, ITS SUCCESSORS AND
ASSIGNS, ALL OF GRANTOR'S RIGHT TO RECEIVE ROYALTIES AND

FREE GAS IN CONNECTION WITH A CERTAIN OIL AND GAS WELL LOCATED ON THE PROPERTY AND DRILLED PURSUANT TO THE LEASE RECORDED IN LEASE VOLUME 69, PAGE 79, IN THE RECORDER'S OFFICE, HARRISON COUNTY, OHIO.

*Smith, supra,* at ¶ 9.

**{¶15}** The language "in connection with a *certain oil and gas well located on the property*" is sufficient. (Emphasis added.) It clearly limits the conveyance to one certain well; the Harris Well. Contrary to Appellees' claim, this is not an instance where general language was used. The language clearly states that the rights being conveyed are connected to "a certain oil and gas well located on the property," and this language sufficiently refers to the Harris Well.

**{¶16}** The deed does not require extrinsic evidence to show what has not been conveyed. In *Porterfield,* we held that when a deed incorporates a prior instrument by reference, that instrument becomes part of the contract. *Id.* at ¶ 39, citing *Volovetz v. Tremco Barrier Sols, Inc.,* 2016-Ohio-7707, 74 N.E.3d 743, ¶ 26 (10th Dist.). The instruments must then be read together. *Id.*

**{¶17}** Here, the 2006 General Warranty Deed incorporated the original oil and gas lease by reference. Consequently, the 2006 General Warranty Deed and the oil and gas lease must be read together. By its language the lease clearly is not limited to just one certain well. It allows the entire property to be drilled and allows for oil and gas to be removed from the entire property.

**{¶18}** R.C. 5302.04 provides that all rights will be conveyed unless the contrary is stated in the deed. Here, the deed expressly limits the conveyance to the Harris Well.

Case No. 19 HA 0010

We must give effect to the words used in the deed and the parties only referred to the rights associated with the Harris Well. If the Harris Well had not been sufficiently referenced, Appellees would be correct and it would have been unnecessary to specifically or generally enumerate each right involved within the conveyance.

{¶19} We remanded this matter for the trial court to determine whether the 1998 Sheriff's Deed can be collaterally attacked. In the event that the trial court determines that the deed was not part of the earlier judgment entry, Appellees retain the right to attack that deed, and hence, the conveyance made through the 2006 General Warranty Deed. Appellees' motion for reconsideration pursuant to App.R. 26(A)(1) is also denied.

{¶20} For the reasons provided, Appellees' motion for reconsideration and en banc consideration is denied.

**JUDGE CHERYL L. WAITE**

**JUDGE GENE DONOFRIO**

**JUDGE DAVID A. D'APOLITO**

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**

Case No. 19 HA 0010